WIGGINTON, Chief Judge.
This interlocutory appeal challenges the correctness of a final judgment holding appellants in contempt of court for violating the provisions of an injunctive decree.
In the original proceeding defendants were charged with maintaining a nuisance by operating a chicken farm in such manner as to cause noxious and offensive odors to emanate therefrom to such a degree as to adversely affect the plaintiffs and others living in the vicinity. The chancellor specifically found from the evidence «that if the litter which accumulates in the chicken houses is properly maintained in a dry condition that practically no odor will emit from it. The court further found that it is both practical and possible to keep the litter dry so as to accomplish the desired result. By the final decree rendered in the cause the defendants were enjoined to maintain the litter and manure in the various buildings and pens occupied by poultry in a dry manner. The decree made several suggestions as to how this could be accomplished, which suggestions were not intended to be and in fact were not exclusive. No appeal from the final decree was taken.
Approximately one and one-half years later, upon a proceeding in contempt prop *278 erly brought by plaintiffs, appellants were adjudged to be in contempt of the court for failing to comply with the injunctive provisions of the final decree theretofore rendered. Appellants were permitted to purge themselves of contempt by complying with the provisions of the decree which could be accomplished by carrying out the corrective procedure suggested by appellants at the trial. The court was assured that the noxious odors arising from the chicken farm would be eliminated if such procedures were instituted and followed. No appeal from this judgment was taken.
Approximately eight months later a second proceeding in contempt was instituted by plaintiffs in which they alleged that appellants continued to violate the provisions of the injunctive decree by maintaining the nuisance which was enjoined by the terms of the decree rendered two years earlier. After hearing the evidence adduced by the respective parties appellants were again adjudged to be in contempt of the court for violating the terms of the injunction, and were ordered to pay a fine for their defalcation. It is this judgment which appellants seek to have reviewed by this proceeding.
The principal contention of appellants is that the provisions of the original injunc-tive decree are so lacking in specificity as to render compliance therewith impossible.[1] Appellants secondarily urge that if the provisions of the decree are sufficiently explicit as to form a proper basis for a charge of contempt, that the evidence adduced at the hearing is insufficient to support the conclusion reached by the chancellor that appellants violated the terms of the decree.[2]
After hearing argument of counsel and carefully considering the record before us, we conclude that the terms and provisions of the injunctive decree are sufficiently clear, definite and explicit as to enable a good faith compliance therewith. Although the evidence on the issue of liability is conflicting, that adduced by plaintiffs is sufficiently competent and substantial to sustain the conclusion reached by the chancellor that appellants violated the terms and provisions of the injunction.
Great weight is accorded the judgment of a trial court adjudging a party to a pending cause to be in contempt of a prior order, judgment, or decree of that court.[3] The judgment of contempt reviewed herein comes to this court clothed with the presumption of correctness.[4] It is not the prerogative of this court to substitute its judgment for that of the chancellor on the issue of whether appellants violated the injunctive provisions of the decree in question provided the evidence fairly supports the findings and conclusions which form the basis of the judgment under assault. The necessity of preserving the sanctity of judgments designed to enforce compliance with the lawful orders of the courts in our judicial system forbids the disturbance of such judgments except upon a clear showing that the trial court either abused its discretion, or departed so substantially from the essential requirements of law as to have committed fundamental error.[5] Appellants having failed to make the showing necessary to justify interference by this court with the findings and conclusions reached by the chancellor, the judgment appealed is affirmed.
JOHNSON and SPECTOR, JJ., concur.

. Hettinger v. McMahon (Fla.App.1964), 164 So.2d 553.

. Lee Const. Corp. v. Newman (Fla.App. 1962), 143 So.2d 222.

. South Dade Farms, Inc. v. Peters (Fla. 1956), 88 So.2d 891.

. Holland v. Hall (Fla.App.1962), 145 So.2d 552.

. 5 Am„Tur.2d 307-308, Appeal and Error, § 869.