DOWNEY, Judge.
This case presents a non-final appeal from two orders denying motions for relief from two judgments.
Procedurally, the case involved a suit by appellee, Saab against Pompano Marine-Blue Lagoon for breach of contract, fraud and conversion, which resulted in a jury verdict on April 21, 1989, awarding Saab $111,000 compensatory damages and $100,-000 punitive damages. Thereafter, final judgment was entered against Pompano Marine on June 1, 1989 for said sums, plus interest. The court determined Saab was entitled to attorney’s fees, so the judgment reserved jurisdiction to determine the amount thereof. Upon motion, the trial court, on August 16, 1989, set the fees and costs for Saab at a total of $113,732.70, together with $800 in expert witness fees. An amended judgment to add a provision for interest was entered on August 18, 1989.
The trial court then entered an order on October 16, 1989, impleading the third-party defendants (appellants here) and described the property of the impleaded defendants which is in controversy as being various items of personal and real property *960 and a chose in action valued at approximately $180,000. Within one year after the entry of said order, the third-party defendants filed a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540. The purpose of said motion was to eliminate from the Saab judgment the award of attorney’s fees for the reason that, as to the attorney’s fees, the judgment was void for lack of subject matter jurisdiction. Said defendants contended that attorney’s fees were only recoverable when provided for by agreement, by statute, or for bringing into court a fund or other property, Gibson v. Troxel, 453 So.2d 1160 (Fla. 4th DCA 1984), and since there was no such basis for the award of attorney’s fees in the Saab judgment, the court lacked subject matter jurisdiction to make the award. This assertion, of course, reflects a misunderstanding of the meaning of subject matter jurisdiction;[1] it confuses it with judicial error. The circuit court has subject matter jurisdiction of the question of attorney’s fees in a particular case. However, it is judicial error to award such fees unless one of the aforementioned grounds exists.
It may be that the attorney’s fees awarded Saab in the judgment in question were, as a matter of law, improper and/or that they are not properly recoverable in these supplementary proceedings. Nevertheless, appellants have not demonstrated reversible error in the trial court’s refusal to grant their motion for relief based upon the legal theories invoked.
Accordingly, the orders appealed from are affirmed.
GLICKSTEIN, C.J., and GUNTHER, J., concur.

. Subject matter jurisdiction has been variously described as follows:
[Jurisdiction of the subject matter] is that sovereign authority, conferred upon a court by constitution, either directly or by authorized statute, to make adjudications, or binding decisions, as to controversies within a certain class of cases or causes.
Florida Power and Light Company v. Canal Authority, 423 So.2d 421 (Fla. 5th DCA 1982).
Jurisdiction over the subject matter does not mean jurisdiction of a particular case, but rather jurisdiction of the class of cases to which the particular controversy belongs.
Payette v. Clark, 559 So.2d 630, 632 (Fla. 2d DCA 1990).