673 So.2d 131 (1996)
UNIROYAL GOODRICH TIRE COMPANY, a foreign corporation, Petitioner,
v.
Nedward C. EDDINGS, as Personal Representative of the Estate of Mary Eddings, deceased, on behalf of said Estate and the survivors of Mary Eddings, to wit: Nedward C. Eddings, Carla Eddings, Shondell Eddings and Derick Eddings; Jarvis Green, a minor, by and through his parents and natural guardians, Lulila Green and Johnnie Green and Lulila Green and Johnnie Green, individually; Regina Wright; Billie Joe Wright; Sylvester Wright, as Personal Representative of the Estate of Lisa Wright, deceased, on behalf of said Estate and the survivors of the decedent, to wit: Sylvester L. Wright, Sylvondra Wright and Sylvester L. Wright, II, Sylvester L. Wright; Sylvondra Wright, a minor, by and through her father and natural guardian, Sylvestor L. Wright; Sylvestor L. Wright, II, a minor, by and through his father and natural guardian, Sylvestor L. Wright; and Nathaniel Hickmon; National Tires, Inc., a foreign corporation, and Tire Kingdom, Inc., a Florida corporation, Respondents.
No. 95-3755.
District Court of Appeal of Florida, Fourth District.
May 8, 1996.
*132 Steven J. Rothman and Mark B. Kleinfeld of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, and Kenneth J. Moran and Roberta Mowery Ward of McGuire, Woods, Battle & Boothe, L.L.P., Richmond, Virginia, for petitioner.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., and Jeffrey M. Liggio of Liggio & Luckman, West Palm Beach, for respondents.
PER CURIAM.
Petitioner, Uniroyal Goodrich Tire Company (U.G.T.C.), seeks a writ of certiorari from the trial court's order granting respondents' Eddings, etc., et al, motion to compel discovery of what it claims is a highly proprietary trade secret manual.
We grant the petition for writ of certiorari and quash the order compelling the petitioner U.G.T.C. to produce the current quality assurance manual for U.G.T.C.'s Opelika, Alabama, manufacturing plant. Upon remand the trial court shall conduct an in camera hearing and inspection of the manual in question or alternatively an evidentiary hearing to determine whether the manual is a trade secret. See Rare Coin-It, Inc. v. I.J.E., Inc., 625 So.2d 1277, 1278-1279 (Fla. 3d DCA 1993):
When trade secret privilege is asserted as the basis for resisting production, the trial court must determine whether the requested production constitutes a trade secret; if so, the court must require the party seeking production to show reasonable necessity for the requested materials.... If production is then ordered, the court must set forth its findings.
(Citations omitted.)
Certiorari Granted.
STONE, PARIENTE and SHAHOOD, JJ., concur.