691 So.2d 565 (1997)
NORTHSTAR INVESTMENTS & DEVELOPMENT, INC., Appellant,
v.
POBACO, INC., etc., Appellee.
No. 96-688.
District Court of Appeal of Florida, Fifth District.
April 11, 1997.
Michael R. Riemenschneider and Audra Miller of O'Brien, Riemenschneider & Kancilia, P.A., Melbourne, for Appellant.
Christopher J. Coleman of Gray, Harris & Robinson, P.A., Melbourne, for Appellee.
PETERSON, Chief Judge.
Northstar Investments & Development, Inc., (Northstar) appeals an order finding it in civil contempt for having violated a temporary injunction that required it to "bring [sic] sign/building improvements on the premises in compliance with ... restrictions [contained in a special warranty deed]." The restriction in question is contained in paragraph (a) of the attachment to the deed. It provides in part:
Said structure and any identifying signage located upon the property shall be situated so as to minimize obstructing the view or otherwise detrimentally affecting the view from North Courtenay Parkway (State Road No. 3) of that certain shopping plaza located adjacent to the Property and known as Badcock Plaza.
The only language in paragraph (a) that lends precision to this rather vague restriction limits the maximum gross square footage permitted by applicable governmental code and regulation, and limits the building to one floor extending no higher than 18 feet from ground level at its highest point. Northstar does not seem to be in violation of these latter restrictions. No prior approval of site plans for any improvements on the property was required by the restrictions or the temporary injunction. In fact, the temporary injunction specifically noted that the court made no finding that Northstar was in violation of any restrictions at the time the order was entered, even though the foundation for the building was in place at that time and the block walls were being constructed. The temporary injunction entered against *566 Northstar simply forbade it from developing its site in any manner which violated any of the property's deed restrictions. In sum, the language of the injunction added no precision to an already vague restriction. The trial court ultimately found the appellant in contempt after it completed a building that was partially completed at the time the temporary injunction was entered on the basis that the building, as completed, violated the deed restrictions because the building was placed on the site in a manner that failed to minimize the shopping center's decreased visibility from the highway.
An essential element of contempt is the intent to violate the relevant court order. Paul v. Johnson, 604 So.2d 883 (Fla. 5th DCA 1992). Where an admission by the charged person is absent, such intent may be established by circumstantial evidence. Id. A judgment of contempt comes to the appellate court clothed in a presumption of correctness and will not be overturned unless a clear showing is made that the trial court either abused its discretion "or departed so substantially from the essential requirements of law as to have committed fundamental error." Belote v. Slye, 206 So.2d 276, 277 (Fla. 1st DCA 1968). The trial court in the instant case abused its discretion and departed from the essential requirements of the law in finding the appellant in contempt for building the 116 foot long building on the property's north-south axis. It was not possible for Northstar to even guess what would be viewed by the trial court as an acceptable building and site design. If the temporary injunction had specified that only an east-west axis building would acceptably minimize the view obstruction, then clearly erecting a building on the north-south axis would have been an intentional act in violation of the temporary injunction. The temporary injunction entered, however, was not so specific, but simply ordered that which the parties already knew, that the building should be placed on the site in a manner which minimizes the view obstruction. A party may not be held in contempt of court for violation of an order or a provision of a judgment which is not clear and definite so as to make the party aware of its command and direction. American Pioneer Cas. Ins. Co. v. Henrion, 523 So.2d 776 (Fla. 4th DCA 1988). Northstar should not have been found to be in contempt.
In Miranda v. Miranda, 566 So.2d 16 (Fla. 4th DCA 1990), the former husband was ordered to take whatever action was necessary to reinstate the former wife's membership in a beach club. The husband was found to have intentionally not complied with this order when he wrote a letter to reinstate sponsorship of the former wife's membership, but abstained from voting, on the grounds that it would be improper for him to vote where he had a personal interest at stake. The appellate court reversed an order of contempt entered against him, holding that the husband was not sufficiently on notice that he had to do more than write a letter to avoid contempt. In the instant case, Northstar could not have known that the placement of a 116 foot building on the site along the north-south axis would violate the injunctive demand that the development of its property be in conformity with the deed restrictions.
Although we vacate the order of contempt because the temporary injunction lacked specificity, we remand for further proceedings to resolve the issues raised by the initial pleadings.
ORDER OF CONTEMPT VACATED; REMANDED.
GOSHORN and ANTOON, JJ., concur.