PER CURIAM.
R.M.S., the maternal grandmother of A.C., a minor child, appeals from an order denying her petition to terminate the natural mother’s parental rights over A.C. Although the evidence was highly disputed, *481 the trial court weighed the credibility of the witnesses and sided with the mother. As there was competent substantial evidence to support that reunification did not pose a substantial risk of harm to A.C., we affirm this part of the order. See In Re Adoption of Baby E.A.W., 658 So.2d 961, 967 (Fla.l995)(holding appellate court should not reweigh the testimony and evidence, nor substitute its judgment for that of the trier of fact); §§ 39.806(1), 39.810, Fla. Stat. (Supp.1998).
However, we find error in that part of the order in which the court sua sponte mandated the return of AC.’s sister to the mother. The sister was the subject of a separate petition for visitation filed by R.M.S., filed under another case number. There is nothing in the record to inform us whether the trial court even had jurisdiction to entertain any issues pertinent to the second child. In any event, the court did not give R.M.S. prior notice that the second child’s disposition would be addressed at A.C.’s final hearing and, therefore, R.M.S. did not have a sufficient opportunity to be heard on this issue. Accordingly, we reverse this part of the order.
AFFIRMED in part; REVERSED in part.
STONE, POLEN and HAZOURI, JJ., concur.