791 So.2d 1190 (2001)
PREMIERE LAB SUPPLY, INC., Petitioner,
v.
CHEMPLEX INDUSTRIES, INC., a New York corporation, and Chemplex Industries, Inc., a Florida corporation, Respondents.
No. 4D00-3199.
District Court of Appeal of Florida, Fourth District.
August 8, 2001.
Leif J. Grazi of Law Offices of Grazi & Gianino, Stuart, for petitioner.
Elliot H. Scherker of Greenberg Traurig, P.A., Miami, and Susan Fleischner Kornspan of Greenberg Traurig, P.A., West Palm Beach, for respondents.
PER CURIAM.
In this petition for writ of certiorari, Premiere Lab Supply, Inc. seeks review of an order granting a Motion to Compel Better Answers to Interrogatories filed by respondents Chemplex Industries, Inc., a New York corporation, and Chemplex Industries, Inc., a Florida corporation (collectively "Chemplex").
We grant the petition because the trial court departed from the essential requirements of law in ordering petitioner to produce its customer list to Chemplex, its competitors, without first conducting an in camera inspection to determine whether it constituted a trade secret and a subsequent evidentiary hearing on the issue of reasonable necessity for disclosure. See Am. Express Travel Related Servs., Inc. v. Cruz, 761 So.2d 1206, 1208-09 (Fla. 4th DCA 2000)("When trade secret privilege is asserted as the basis for resisting production, the trial court must determine whether the requested production constitutes a trade secret; if so, the court must require the party seeking production to show reasonable necessity for the requested materials."); see also Uniroyal Goodrich Tire *1191 Co. v. Eddings, 673 So.2d 131, 132 (Fla. 4th DCA 1996); Salick Health Care, Inc. v. Spunberg, 722 So.2d 944, 946 (Fla. 4th DCA 1998); Austin v. Barnett Bank of S. Fla., N.A., 472 So.2d 830, 830 (Fla. 4th DCA 1985).
We reject respondents' contention that petitioner failed to preserve its challenge to the trial court's disclosure order by not requesting an in camera inspection and hearing at the initial hearing on respondents' motion to compel better answers to interrogatories. When petitioner was served with the interrogatory seeking its customer list, petitioner first objected on the basis of privilege and confidentiality, then later amended its objection to assert that its customer list was a protected trade secret. According to petitioner, it was not afforded an opportunity to demonstrate that its customer list was a "trade secret" or confidential business information at the hearing on respondents' motion to compel. The hearing was set on a motion calendar, at which the trial judge advised petitioner that he did not intend to inspect the voluminous customer list and offered an alternative solution, requiring partial disclosure subject to a confidentiality agreement. Petitioner rejected the trial court's suggestion that it disclose the names of its customers who were previously customers of respondents as a way of avoiding the disclosure of their entire customer list. Whereupon, the court granted respondents' motion to compel and ordered disclosure of the entire customer list.
Based on these events, we do not find a waiver of petitioner's trade secret objection. Accordingly, we grant the petition for writ of certiorari and remand to the trial court to conduct an in camera hearing and inspection of the customer list to determine whether it constitutes a trade secret, and, if so, to conduct an evidentiary hearing on the reasonable necessity for disclosure of the list.
CERTIORARI GRANTED.
TAYLOR and HAZOURI, JJ., concur.
GUNTHER, J., dissents with opinion.
GUNTHER, J., dissenting.
I respectfully dissent.
I conclude that the record supports Respondents' contention that Petitioner failed to preserve its challenge to the trial court's disclosure order. By failing to properly request an in camera inspection or to ask for a continuance of the hearing on Respondents' motion to compel, the Petitioner waived its trade secret objection.
At the hearing on the motion to compel during motion calendar, Petitioner argued against the motion and attempted to persuade the trial court to conduct an in camera inspection at that time. In my view, the trial court correctly declined Petitioner's request to abandon the motion calendar and conduct an in camera inspection of Petitioner's documents at that time. After the trial court advised Petitioner that it would not conduct such an inspection during motion calendar, Petitioner failed to request a continuance to reset the matter for an in camera inspection at a properly scheduled hearing time.
Because Petitioner failed to properly request an in camera inspection or seek a continuance of the hearing on the motion to compel, I do not think the trial court denied Petitioner "an opportunity to demonstrate that its customer list was a "trade secret" or confidential business information." In essence, Petitioner failed to properly seek "an opportunity to demonstrate that its customer list was a "trade secret" or confidential business information." It cannot be said the trial court *1192 failed to do something that it wasn't properly asked to do.
Accordingly, I would affirm the trial court's ruling on Respondents' motion to compel because Petitioner waived its trade secret objection.