815 So.2d 647 (2002)
NICAL OF PALM BEACH, INC., a Florida corporation, and Amy Habie, individually, Appellants,
v.
Scott LEWIS, Carol Lewis and Scott Lewis' Gardening & Trimming, Inc., a Florida corporation, Appellees.
Nos. 4D99-3903, 4D00-1003, 4D00-1463.
District Court of Appeal of Florida, Fourth District.
January 23, 2002.
*649 James Fox Miller of Miller, Schwartz and Miller, P.A., Hollywood, Terence J. Anderson, Coral Gables, David Boies, Robert Silver and Edward Normand of Boies, Schiller & Flexner LLP, Armonk, NY, and Boies, Schiller & Flexner LLP, Hollywood, and Karen Dyer of Boies, Schiller & Flexner LLP, Orlando, for appellants.
Scott Lewis and Carol Lewis, West Palm Beach, pro se.
Barbara J. Compiani of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Jack Scarola of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellee Scott Lewis' Gardening & Trimming, Inc.
PER CURIAM.
The Appellants challenge three decisions below. First, the Appellants challenge the trial court's imposition of a contempt citation and $8,000 fine. Second, the Appellants challenge the trial court's second contempt citation and accompanying $148,105 fine. And third, the Appellants challenge the award of attorney's fees in favor of the Appellees.
This consolidated appeal arose from a settlement agreement between Nical of Palm Beach ("Nical"), Amy Habie ("Habie") (collectively the Appellants), and Scott Lewis, Carol Lewis, and Scott Lewis Gardening and Trimming, Inc. ("Lewis") (collectively the Appellees).
The Appellees originally sold their lawn maintenance business to Habie. A short time later, a dispute arose regarding competitive practices, and Habie sued the Appellees. During the course of the litigation, the parties entered a settlement agreement, which was later approved by the trial court and incorporated into a final order dismissing the underlying case. In the final order, the trial court retained jurisdiction to enforce the settlement agreement.
Thereafter, the Appellees brought suit in the trial court to enforce the settlement agreement alleging that the Appellants had engaged in deceptive practices which interfered with the Appellees' business, violating the terms of the settlement agreement.
The crux of the dispute below was Habie's use of deceptively similar business names, telephone numbers, and misleading telephone and Internet directory listings. At the initial hearing on the matter, the trial court judge ordered the Appellants to take whatever actions necessary to eliminate the confusion, including the institution of a split intercept[1] and the removal of the similar listings in the Internet and telephone directories. The Appellants failed to comply with the court's order and the Appellees filed a motion for sanctions.
After several hearings on the motion, the trial court found that the Appellants had violated the trial court's repeated orders to correct the listings and directory errors. Based upon this finding the trial court found Appellants in contempt and ordered them to pay $8,000 plus attorney's fees.
Additionally, during the course of the proceedings below, the Appellants subpoenaed *650 employees of the Appellees' worker's compensation carrier after the trial court had issued a protective order prohibiting such action.
The Appellees filed a second motion for sanctions based, in part, on conduct similar to that for which the Appellants had already been held in contempt, as well as the Appellants' registration of an allegedly deceptively similar business name with the State of Florida, and their conduct regarding the subpoenas.
After extensive hearings, the trial court found the Appellants in contempt and imposed a sanction of $148,105. The trial court calculated this fine based upon the amount of income the Appellees had given up under the original settlement agreement. The trial court also awarded attorney's fees and costs in favor of the Appellees pursuant to a clause in the settlement agreement.
The Appellants raise a plethora of challenges to the trial court's decision. However, we find merit in only one. The Appellants argue, among other things, that the fines imposed by the trial court were fines without the opportunity to purge and therefore were criminal contempt fines.
Contempt may be either civil or criminal. See Parisi v. Broward County, 769 So.2d 359, 363 (Fla.2000). This distinction determines the quantum of proof necessary to convict as well as the nature of the punishment that may be administered. See id. at 364. The character and purpose of the proceedings rather than the fact of punishment distinguishes between civil and criminal punishment. See id. Punishment for civil contempt is remedial and for the benefit of the complainant, whereas punishment for criminal contempt is to vindicate the authority of the court. See id. at 364-65; see also Demetree v. State, 89 So.2d 498, 501 (Fla.1956) ("[A] contempt proceeding criminal in nature is instituted solely and simply to vindicate the authority of the court or otherwise punish for conduct offensive to the public."). A contempt sanction is considered civil if it either "coerce[s] the defendant into compliance with the court's order, [or]... compensate[s] the complainant for losses sustained." Int'l Union, United Mine Workers v. Bagwell, 512 U.S. 821, 829, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994). "Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge." Id. (citing Penfield Co. of Cal. v. SEC, 330 U.S. 585, 590, 67 S.Ct. 918, 91 L.Ed. 1117 (1947) (emphasis added)).
In this case, the trial court imposed two fines: the first for $8,000, and the second for $148,105. In rendering its first order, the trial court failed to specify the basis upon which the $8,000 fine was calculated. There is no evidence in the record from which this court may determine that the fine was, in fact, compensatory for losses sustained by the Appellees. As such, the $8,000 fine is a fine that is not compensatory in nature. Therefore, the Appellants must have been given an opportunity to purge. Because we find the $8,000 fine fails to meet the definition of compensatory, and lacks a purge provision, we reverse the trial court's award.
On the matter of the $148,105 fine, the trial court included specific findings in the record supporting its imposition of the $148,105 fine as compensation for loss by the Appellees. However, the basis for the award was not directly related to the loss suffered by the Appellees as a direct result of the Appellants' interference with the Appellees' business through deceptive advertising *651 and misdirected telephone calls.[2]
A trial court is afforded discretion in fashioning a remedy in contempt actions. See Johnson v. Bednar, 573 So.2d 822, 824 (Fla.1991), overruled on other grounds by Parisi v. Broward County 769 So.2d 359 (Fla.2000). However, "[I]f compensation is intended, the fine must be based on evidence of the injured party's, actual loss." Id.; see also Nat'l Exterminators, Inc. v. Truly Nolen, Inc., 86 So.2d 816, 818 (Fla.1956), receded from on other grounds by Johnson v. Bednar (holding damages should be reasonably certain of measurement). "If compensation is intended, the fine must be based on evidence of the injured party's actual loss." Parisi 769 So.2d at 366 (emphasis added). The trial court based its award on the amount of money the Appellees gave up in contemplation of the settlement agreement. Specifically, the trial court found that the Appellants avoided nineteen payments of $7,795 by entering into the settlement agreement. The trial court determined that the Appellants had failed to abide by the agreement, and therefore, unjustly benefitted from the forgiveness of the nineteen payments. In a general sense, this is a loss (from the sale of the business) to the Appellees. However, this is not an actual loss directly related to the Appellants' use of deceptive advertising, similar business names and misdirected telephone calls. In fact, the trial court admitted that damages due to lost revenue were too speculative to award, hence the alternative measure adopted below. Although the amount awarded by the court below was a reasonable estimation of loss in general, the clear holding in Parisi requires proof by competent evidence of an actual loss. See id. at 366. In this case actual loss, not an illusory notion of loss attributed to a breach of the settlement agreement (more appropriate to a breach of contract action) is too speculative to withstand scrutiny under Parisi. See id. We find the sum of $148,105 was not reasonably related to the actual loss of income, sustained by the Appellees due to the Appellants deceptive advertising and customer confusion. See id. As such the $148,105 fine cannot be compensatory in nature. Therefore, the Appellants must have been given an opportunity to purge. Because the $148,105 fine is not compensatory and lacks a purge provision we reverse the trial court's award.
Finally, the Appellants argue that the trial court's findings of contempt are unsupported by the evidence. After careful review of the evidence below, we disagree. Factual findings made by the trial court will enjoy a presumption of correctness and will not be set aside unless they are unsupported by substantial evidence. See A.C. v. Dep't of Children & Family Servs., 778 So.2d 480 (Fla. 4th DCA 2001). The weighing of evidence and issues of credibility are clearly vested with the trial court. See Romano v. Goodlette Office Park, Ltd., 700 So.2d 62 (Fla. 2d DCA 1997).
The trial court observed the witnesses' testimony, including the testimony of Amy Habie, and several disinterested parties. This testimony was sufficient to support a finding that the Appellants intentionally violated the court's repeated warnings and admonitions to correct the deceptive listings and telephone numbers. The evidence indicates that telephone calls were misdirected and that the split-intercept procedure was delayed even after the trial *652 court judge had admonished the Appellants in open court. Therefore, the trial court judge's findings were supported by substantial competent evidence.
In sum, although the record evidence supports the trial court's finding of contempt, the penalty provisions fail for lack of a purge provision. Therefore, we affirm as to the contempt citation and award of attorney's fees. However, we reverse with instructions to the trial court to reconsider the penalty provisions in accordance with this opinion.
AFFIRMED IN PART, REVERSED IN PART.
GUNTHER and WARNER, JJ., concur.
STREITFELD, JEFFREY E., Associate Judge, concurs in part and dissents in part with opinion.
STREITFELD, JEFFREY E., Associate Judge, concurring in part and dissenting in part.
I concur in the affirmance of the contempt findings and the reversal of the $8,000.00 fine. However, I respectfully dissent as to the reversal of the imposition of the award of $148,105.00. In my view, competent substantial evidence was presented to support this award to compensate appellees for the losses they suffered due to the continued bad faith refusal of appellants to comply with the orders of the trial court and the terms of the settlement agreement.
NOTES
[1] A split intercept was described to the trial court as a procedure instituted by the telephone company at the direction of the Appellants where callers to Habie's number are given the option of reaching Lewis if that is the original intention of their call.
[2] In the case at bar the deceptive advertising consisted of confusingly similar telephone directory listings, Internet directory listings, and a deceptively similar fictitious name registration with the State of Florida.