WARNER, J.
We affirm the order holding appellant in contempt for failure to pay a support obligation, concluding that the trial court made sufficient determinations that appellant, the ex-husband, had the actual ability to comply with the order at all times. Appellee, the ex-wife, testified that the ex-husband showed her his Rolex watch and told her he paid $18,000 for it. Appellant offered no contrary proof. The proof of assets from which payment could be made was sufficient evidence of the ex-husband’s present ability to pay the purge amount of $11,376.10. See, e.g., Albright v. Albright, 788 So.2d 1125 (Fla. 4th DCA 2001).
Ex-wife cross-appeals the trial court’s failure to hold ex-husband in contempt for failure to pay a ten year old attorney’s fee judgment entered in the original divorce decree. An attorney’s fee award in a dissolution action may be enforced by contempt, see Wertkin v. Wertkin, 763 So.2d 465, 466 (Fla. 4th DCA 2000); however, the court has discretion in determining the remedy for contempt. See Nical of Palm Beach, Inc. v. Lewis, 815 So.2d 647, 651 (Fla. 4th DCA 2002). Here, the court determined that the ex-wife had an enforceable judgment and that the amount was not connected to either child support or visitation, but rather, the ability of the ex-wife to support herself. We, therefore, find no abuse of discretion in refusing to require imprisonment and to set a purge amount relating to the ex-husband’s failure to pay the attorney’s fee judgment.
STONE and STEVENSON, JJ., concur.