GROSS, J.
Betty Deutsch, the former wife, appeals an order arising out of a post-dissolution contempt proceeding where the trial judge adopted the findings made by a child support hearing officer. We reverse for the trial court to reconsider the amount of the purge payment that should apply to a large arrearage and to assess prejudgment interest on the arrearage.
A 1999 order obligated the former husband, Justo Lamar, III, to pay: (1) monthly child support of $1,008.37, and (2) 50% of all reasonable and necessary uncovered *984 medical and dental expenses incurred by the minor children. The order imputed income of $875.00 a week to the former wife, and determined that the former husband’s monthly income as a yacht broker was $5,000.00.
The same order also held the former husband in contempt for unpaid child support of $4,243.14, and medical expenses of $1,196.16. In addition, the trial court ordered the former husband to pay attorney’s fees and costs of $7,132.76. The court noted that the fees were attributable to the former husband’s failure to comply with discovery requests.
In 2003, the former wife moved to hold the former husband in contempt, alleging that he owed unpaid child support in the amount of $17,459.03, medical and dental expenses of $2,702.73, and attorney’s fees and costs in the amount of $7,132.76.
At a May 23, 2003 hearing on the motion for contempt before a child support hearing officer, the former husband failed to appear. On May 28, 2003, the trial court adopted the findings of the hearing officer and issued an order partially granting and partially denying the motion for contempt. The court held the former husband in contempt for failing to pay child support of $20,706.13. As to this arrearage, the court ordered the former husband to pay $100.00 a month, in addition to his regular monthly child support.
The court did not hold the former husband in contempt for failing to pay the medical and dental expenses. As to the attorney’s fees and costs, the trial court noted that because the former wife did not present any evidence that the former husband had the present ability to satisfy the arrearage, the court could not “make a finding of contempt with a purge provision.”
The trial court abused its discretion in requiring the former husband to pay a purge amount of only $100 a month for a $20,706.13 child support arrearage. The 1999 order created a presumption that the former husband had the present ability to pay child support and to purge himself of the contempt. See § 61.14(5)(a), Fla. Stat. (2003); Bowen v. Bowen, 471 So.2d 1274, 1278-79 (Fla.1985); Pompey v. Cochran, 685 So.2d 1007, 1014 (Fla. 4th DCA 1997) (en banc). At $100 a month, the purge amount would not be satisfied until the minor children are thirty-three years old. As Judge Hurley has written, a plan for purging child support arrearages
which postpones repayment of support until the object of such support reaches legal age or becomes self-supporting flies in the face of the very reasons for which “child support” exists. This child needs sustenance now, not a dowry in the future.
Leone v. Weed, 474 So.2d 401, 404 (Fla. 4th DCA 1985).
Nothing in the record contradicts the finding in the 1999 order that the former husband makes $5,000 a month. As we did in Leone, we hold that “it was error to permit such an extended and delayed repayment schedule. The former husband should be required to make reasonable arrearage payments concurrent with his regular support payments.” Id.
The former wife is also entitled to collect prejudgment interest for all arrearages from the initial date that the former husband owed unpaid child support. See Shrove v. Shrove, 724 So.2d 679, 683 (Fla. 4th DCA 1999); Remington v. Remington, 705 So.2d 920, 921 (Fla. 4th DCA 1997). On remand, the trial court shall enter a new purge amount and add prejudgment interest to the arrearage.
Finally, in its ruling as to the unpaid attorney’s fees, the trial court erred *985 in placing the burden of proof on the former wife to demonstrate that the former husband had the present ability to satisfy the arrearage. Contempt was an available remedy for the attorney’s fees in this case in the same manner as unpaid child support. See Taylor v. Wojtusik, 844 So.2d 801, 802 (Fla. 4th DCA 2003); Wertkin v. Wertkin, 763 So.2d 465, 466 (Fla. 4th DCA 2000). In the contempt proceeding, the former wife was entitled to the same presumption of the former husband’s ability to pay attorney’s fees that she enjoyed with regard to child support.
WARNER, J., and SILVERMAN, SCOTT, Associate Judge, concur.