PER CURIAM.
 

 The instant appeal is the latest in a series of proceedings wherein Scott and Carol Lewis and Scott Lewis’ Gardening & Trimming, Inc. (“SLGT” and collectively the “Lewis parties”) have sought to have Nical of Palm Beach, Inc., Amy Habie, a fifty percent owner of Nical, and Patrick Bilton, a twenty-five percent owner and employee of Nical (collectively the “Nical parties”), held in contempt of court for violating the terms of a settlement agreement, incorporated into a February 1999 judgment, which precludes the parties from contacting, communicating with, or soliciting one another’s customers. In this particular appeal, the Lewis parties have appealed three orders of the trial court denying two motions seeking orders requiring Nical and Bilton to show cause as to why they should not be held in civil contempt and a third motion seeking an order requiring Nical’s counsel, Boies, Schiller & Flexner (“BSF”), to show cause as to why it should not be held in civil contempt and disqualification of the firm, all of which were filed by the Lewis parties on remand following the issuance of this court’s opinion in
 
 Lewis v. Nical of Palm, Beach, Inc.,
 
 959 So.2d 745 (Fla. 4th DCA 2007)
 
 (Leivis II
 
 ).
 
 [1]
 
 We affirm in part and reverse in part.
 

 Of import to this appeal, in March of 2005, the trial court entered an order finding Nical and Bilton guilty of indirect criminal contempt as a consequence of Bil-ton’s conversation with Steve White, an official for the Town of Palm Beach, which was one of SLGT’s clients, and finding Nical guilty of indirect criminal contempt as a consequence of Nical’s counsel’s issuance of a subpoena to White in violation of a July 2000 order, which precluded either party from issuing a subpoena to anyone on either party’s client list without first obtaining court approval. As a sanction for the contempts, the trial court disqualified BSF, the Nical parties’ counsel, from further representing the Nical parties, imposed two $500 fines against Nical, and sentenced Bilton to ninety days in jail with sixty days of that sentence suspended on the condition that Bilton pay a $500 fine and not further violate the court’s orders. The trial court characterized the con-tempts as criminal, rather than civil, because civil contempt sanctions are either coercive, and intended to coerce action on the part of the contemnor, or compensatory, and intended to compensate the victim of the contempt for actual losses. Neither sanction was available in that the subject of the contempts was past conduct and the Lewis parties were seeking to coerce
 
 inaction
 
 and they had failed to prove any actual losses.
 

 And, in June of 2005, the trial court entered an order denying the Lewis par
 
 *162
 
 ties’ motion seeking an order directing the Nical parties to show cause as to why Nical, Habie, and Bilton should not be held in civil contempt as a consequence of Bil-ton’s communication with Veronica Butler, an SLGT client, and the resulting $100,000 of work Nical did for the Eigelberger Estate. The trial court denied the motion, finding that (1) the motion failed to allege the loss of Butler’s business, (2) the loss of the business of the Eigelberger Estate could not support a contempt since it was not an SLGT client, and (3) the motion failed to allege what act the Nical parties had not performed that a contempt order could coerce them into performing.
 

 The March 2005 and June 2005 orders were appealed to this court and are the subject of this court’s opinion in
 
 Lewis II.
 
 The Nical parties challenged the findings of indirect criminal
 
 contempt
 
 and the disqualification of its counsel. This court affirmed the ruling that Bilton and Nical were guilty of indirect criminal contempt as a consequence of Bilton’s conversation with White, but reversed the ruling that Nical was guilty of indirect criminal contempt as a consequence of the issuance of the subpoena. 959 So.2d at 747, 749-50. We also held that the trial court had the inherent authority to disqualify Nical’s counsel as a consequence of its litigation misconduct, but reversed the disqualification because it had been imposed in the absence of notice to the law firm and an opportunity to be heard.
 
 Id.
 
 at 751. The Lewis parties challenged that portion of the trial court’s order finding that civil contempt was not available because there was no purgeable sanction that could be imposed that would coerce the Nical parties to perform a particular act and the trial court’s finding that the Lewis parties had failed to prove any actual losses in connection with the White contempt proceedings. We rejected the latter of the Lewis parties’ arguments. We found merit, however, in the former and held that the trial court had erred in ruling that a coercive civil contempt sanction was not available in that a coercive civil contempt sanction is available to coerce inaction, as well as action, and the imposition of a fine, suspended on the condition that the con-temnor comply with the court’s orders, was an appropriate coercive civil contempt sanction.
 
 Id.
 
 at 751-52. Despite the fact that we had affirmed the indirect criminal contempt sanctions imposed against Bilton and Nical as a consequence of the conversation with White, we remanded the case to the trial court to afford it the opportunity to “reconsider the entire penalty scheme” because the trial court had erroneously believed that coercive civil contempt sanctions were not available.
 
 Id.
 
 at 747.
 

 On remand, the Lewis parties filed a motion seeking an order directing Bilton and Nical to show cause as to why they should not be held in civil contempt as a consequence of Bilton’s conversation with White, a motion seeking an order directing Bilton and Nical to show cause as to why they should not be held in civil contempt as a consequence of Bilton’s conversation with Butler, and a motion seeking an order directing BSF to show cause as to why it should not be held in civil contempt as a consequence of the issuance of the subpoena — a remedy sought for the first time— and seeking disqualification of the law firm. Copies of prior orders of contempt, this court’s
 
 Lewis II
 
 opinion and mandate, affidavits from Scott Lewis, Bilton’s deposition, and the transcript of the evidentiary hearing that had resulted in the criminal contempt orders that were the subject of the appeal in
 
 Lewis II
 
 were attached to these motions. In these motions, the Lewis parties sought the imposition of fines in the millions of dollars and a term of incarceration suspended on the condition that
 
 *163
 
 the Nical parties not further violate the court’s orders. Following two non-eviden-tiary hearings, the trial court denied all three motions.
 
 [2]
 

 In this appeal, the Lewis parties contend that the trial court was required to hold an evidentiary hearing before denying the motions for civil contempt and disqualification and that it is clear from the record that the trial judge denied the motions simply to put an end to the proceedings and never considered the merits. We affirm the trial court’s denial of the motions to hold Bilton and Nical in civil contempt and conclude that the trial court fully complied with our remand instructions in ruling on those motions without taking additional evidence. We also affirm the trial court’s denial of the Lewis parties’ motion to have BSF held in civil contempt for the issuance of the subpoena to White. We note that this remedy was not initially sought by the Lewis parties and was therefore not a subject of this court’s prior opinion and remand instructions. In view of the circumstances of the case presented to the trial court after remand, we cannot say that the trial court abused its discretion in denying, without an evidentiary hearing, the Lewis parties’ belated motion to have BSF held in civil contempt based on the improper issuance of the subpoena to White many years prior. A trial court’s contempt order “comes to the appellate court clothed in a presumption of correctness and will not be overturned unless a clear showing is made that the trial court either abused its discretion ‘or departed so substantially from the essential requirements of law as to have committed fundamental error.’ ”
 
 Northstar Invs. & Dev., Inc. v. Pobaco, Inc.,
 
 691 So.2d 565, 566 (Fla. 5th DCA 1997) (quoting
 
 Belote v. Slye,
 
 206 So.2d 276, 277 (Fla. 1st DCA 1968)). We reverse, however, the denial of the motion for disqualification of BSF, concluding the Lewis parties were entitled to an evidentiary hearing prior to the court’s ruling on the matter.
 

 In our
 
 Letvis II
 
 opinion, we plainly indicated the Lewis parties had demonstrated a preliminary basis for disqualification of BSF.
 
 See
 
 959 So.2d at 751 (“While we recognize that disqualification of counsel is an ‘extraordinary remedy,’ having reviewed the extensive record in this case, we cannot agree with the Nical parties’ claim that such a sanction was too harsh and thus an abuse of discretion.”) (citation omitted). Our remand on the issue was solely for the purpose of affording the law firm notice and an opportunity to be heard prior to the imposition of such sanction. On remand, and in the face of the Lewis parties’ motions, BSF sought to avoid and/or remedy the issue by withdrawal from its representation of the Nical parties. The Lewis parties insisted that withdrawal was insufficient and alleged in its motion that, despite all that had transpired, BSF continued to engage in misconduct and would continue to drive the litigation from the sidelines. Before the trial court could properly rule on the motion for disqualification, the Lewis parties were entitled to an opportunity to present evidence of BSF’s continuing misconduct, as alleged in their motion, and to demonstrate BSF’s voluntary withdrawal from the representation was insufficient and disqualification was necessary. Consequently, we reverse the denial of the Lewis parties’ motion seeking disqualification of BSF and remand the matter to the trial
 
 *164
 
 court for an evidentiary hearing on this limited issue. Following such evidentiary hearing, the trial court is free to exercise its discretion and rule in the manner dictated by the evidence.
 

 Affirmed in paH; Reversed in part; and Remanded.
 

 STEVENSON, TAYLOR and MAY, JJ., concur.
 

 [1]
 

 . The first
 
 Lewis
 
 opinion,
 
 Nical of Palm Beach, Inc. v. Lewis,
 
 can be found at 815 So.2d 647 (Fla. 4th DCA 2002). The third,
 
 Nical of Palm Beach, Inc. v. Lewis,
 
 can be found at 981 So.2d 502 (Fla. 4th DCA 2008).
 

 [2]
 

 . During these hearings, the trial court was made aware that during the pendency of the
 
 Lewis II
 
 appeal, a different circuit court judge had entered an order providing for the imposition of a $500,000 fine and a ninety-day jail sentence upon Nical’s and Habie's violation of the court's orders. This order was the subject of
 
 Lewis III.