FARMER, J.
 

 In this long running breach of contract dispute with frequent appearances in our court,
 
 [1]
 
 we are asked to add the time value of paralegal work to an award of attorney’s fees and to require prejudgment interest on several fee awards in different contempt proceedings. We are loathe to add to the ocean of words generated by this protracted dispute, so will simply state our results with but a brief comment.
 

 The attorneys for the Scott Lewis side claim the value of paralegal labor in preparing for hearings and related proceedings. The paralegals in question are not regular employees or staff of their able counsel but instead none other than Scott Lewis and Carol Lewis themselves. The trial court denied this request.
 

 We affirm that decision. The inherent possibility for mischief in deeming the client a paralegal of the representing attorney is apparent enough to cast a dense shadow over even the mere theoretical prospect of the argument they make. In this instance we note the utter absence of any showing that the labor of the client was required by the lawyer or had the effect of reducing the fee claimed by the lawyer.
 

 We reverse the trial court’s denial of prejudgment interest on the attorney’s fees awarded.
 
 [2]
 
 On remand, the court shall calculate the amount of prejudgment interest due from the date of each discrete decision of entitlement to fees for a contempt proceeding.
 
 [3]
 

 POLEN and STEVENSON, JJ., concur.
 

 [1]
 

 .See Nical of Palm Beach Inc. v. Lewis,
 
 815 So.2d 647, 652 (Fla. 4th DCA 2002) (upholding contempt but remanding to reconsider fine, holding that Lewis failed to prove actual loss and court failed to include purge),
 
 review denied,
 
 828 So.2d 388 (Fla.2002);
 
 Lewis v. Nical of Palm Beach Inc.,
 
 959 So.2d 745 (Fla. 4th DCA 2007) (holding that civil contempt sanction may be coercive, sanction suspended on condition of future compliance with court orders is proper; court may reconsider entire penalty);
 
 Nical of Palm Beach Inc. v. Lewis,
 
 981 So.2d 502 (Fla. 4th DCA 2008) (affirming amended civil contempt sanction; reversing attorney’s fees and cost judgment). As yet unreported are
 
 Lewis v. Nical of Palm Beach Inc.,
 
 No. 4D08-1104 (denying petition for writ of prohibition);
 
 Scott Lewis Gardening & Trimming, Inc. v. Nical of Palm Beach Inc.,
 
 No. 4D07-2057 (denying petition for writ of prohibition); and pending cases;
 
 Special Prosecutor v. Nical of Palm Beach Inc.,
 
 No. 4D08-568;
 
 Lewis v. Nical of Palm Beach Inc.,
 
 No. 4D07-3720; and
 
 Lewis v. Nical of Palm Beach Inc.,
 
 Nos. 4D08-419 & 4D08-671.
 

 [2]
 

 .
 
 See Argonaut Ins. Co. v. May Plumbing Co.,
 
 474 So.2d 212 (Fla.1985) (prejudgment interest runs from date entitlement is determined).
 

 [3]
 

 . The agreement of the parties provided: "This entitlement [to attorney's fees] shall be determined separate for each arbitration con
 
 *566
 
 tempt proceeding, appellate proceeding or other legal proceeding.”