WARNER, J.
 

 Westco, Inc. (‘Westco”), a non-party to litigation pending in the trial court between Botánica Landscaping, LLC (“Bota-nica”) and Scott Lewis’ Gardening & Trimming Inc. (“SLGT”), petitions for a writ of certiorari to quash the trial court’s order compelling it to produce an Asset Purchase Agreement between Xerox Corporation and Amici LLC, of which Westco is a member. Westco claims confidentiality and an invasion of a right of privacy. Because the trial court did not conduct a hearing to balance the equities between the need for confidentiality and disclosure and did not conduct an
 
 in camera
 
 review of the document, we grant the petition.
 

 More than a decade ago, SLGT and Nical of Palm Beach, Inc. (“Nical”), two landscaping companies, began a commercial dispute which has resulted in many prior appearances in this court.
 
 [1]
 
 The parties ultimately entered into a settlement agreement, incorporated into a final judgment, which included a permanent injunction prohibiting Nical from communicating and interfering with SLGT’s clients.
 

 Botánica subsequently purchased Nical’s business. Upon the sale of Nical’s assets, Nical moved to dissolve the permanent injunction. When that motion was denied, Botánica filed its own lawsuit against SLGT and Scott and Carol Lewis, seeking a declaration that it is not bound by the settlement agreement, final judgment, and permanent injunction. In this lawsuit, allegations have been made that the individuals involved in Botánica are the same individuals involved in Nical. This may violate the permanent injunction in the first suit.
 

 During discovery, SLGT learned that Botánica had received financing from Westco for its purchase of Nical. SLGT served Westco with a subpoena duces te-cum for deposition calling for a broad array of corporate documents in Florida. Westco filed objections to the subpoena as well as a demand that the deposition be taken in New York where Westco had its principal office. SLGT filed a motion to compel the production of documents and deposition in Florida. The court granted
 
 *622
 
 SLGT’s motion. It did not rule on West-co’s other objections to the production of documents.
 

 Westco immediately moved for a protective order limiting the scope of the required production, claiming that some of the documents were confidential and privileged. Prior to securing a ruling on its motion, Westco filed a notice of compliance and produced 110 pages of documents. Some of the pages contained redactions to protect private and confidential information. It also filed a privilege log, reciting the documents it claimed were privileged. SLGT then moved to compel further compliance with its subpoena duces tecum. At the hearing, SLGT told the court that it wanted one document — an Asset Purchase Agreement between Xerox Corporation, as buyer, and Amici LLC, as seller. Westco is a member of Amici LLC. Westco was unaware at the hearing that this was the sole relief sought, and its attorney was not prepared to state whether there was an objection to it. The trial court granted the motion to compel. Westco filed an emergency motion for protective order arguing that the Asset Purchase Agreement was a .confidential document, protected by various confidentiality provisions in the agreement itself. The emergency motion was denied, and petitioner seeks certiorari review of both orders.
 

 Certiorari review is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings and effectively leaving no adequate remedy on appeal.
 
 Harley Shipbuilding Corp. v. Fast Cats Ferry Serv., LLC,
 
 820 So.2d 445, 448 (Fla. 2d DCA 2002). Orders improperly requiring the disclosure of trade secrets or other proprietary information often create irreparable harm and are thus appropriate for certiorari review.
 

 When confidential information is sought from a non-party, the trial court must determine whether the requesting party establishes a need for the information that outweighs the privacy rights of the non-party.
 
 See Berkeley v. Eisen,
 
 699 So.2d 789 (Fla. 4th DCA 1997). “[T]he party seeking discovery of confidential information must make a showing of necessity which outweighs the countervailing interest in maintaining the confidentiality of such information.”
 
 Higgs v. Kampgrounds of Am.,
 
 526 So.2d 980, 981 (Fla. 3d DCA 1988).
 

 A trial court departs from the essential requirements of law in ordering production of confidential information without conducting an
 
 in camera
 
 review to determine whether the assertion of privilege is valid.
 
 See Gazerro v. Crane,
 
 890 So.2d 446 (Fla. 4th DCA 2004);
 
 Docutek Imaging Solutions, Inc. v. Copyco, Inc.,
 
 869 So.2d 1291 (Fla. 4th DCA 2004);
 
 Premiere Lab Supply, Inc. v. Chemplex Indus., Inc.,
 
 791 So.2d 1190, 1190 (Fla. 4th DCA 2001);
 
 Am. Exp. Travel Related Servs. v. Cruz,
 
 761 So.2d 1206, 1208-09 (Fla. 4th DCA 2000);
 
 Austin v. Barnett Bank of S. Fla., N.A.,
 
 472 So.2d 830, 830 (Fla. 4th DCA 1985) (“Where a claim of privilege is asserted, the trial court should hold an in camera inspection to review the discovery requested and determine whether assertion of the privilege is valid.”). Because the trial court did not conduct a balancing of interests analysis and failed to conduct an
 
 in camera
 
 inspection of the agreement to determine whether the privilege was valid, it departed from the essential requirements of law.
 

 Although SLGT attempts to show that it needs this information, we question the rationale that it uses. It is attempting to obtain a copy of a contract between Xerox and Amici LLC. There is no indication in
 
 *623
 
 the record that this agreement has anything to do with Botánica and Nical. SLGT attempted to make a connection by claiming that the same person who prepared the Nical sale agreement to Botáni-ca may have prepared the Xerox Asset Purchase Agreement document. SLGT also claimed that participants in Amici are also involved in Nical. Even if that were true, that hardly proves the need for production of the confidential document involving a sale of other assets among non-parties to the present lawsuit.
 

 SLGT claims that Westco has waived the right to contest the proceeding by failing to list the Asset Purchase Agreement in the privilege log it filed. We disagree, because a privilege log is not required from a non-party producing documents. Florida Rule of Civil Procedure 1.280(b)(5) provides that when a party makes a claim that a document is privileged the
 
 “party
 
 shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.” (Emphasis added). In contrast, a protective order is the available remedy for non-parties. Rule 1.280(c) provides:
 

 Upon motion by a party
 
 or by the person from whom discovery is sought,
 
 and for good cause shown, the court in which the action is pending may make any order to protect a party
 
 or person
 
 from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including one or more of the following: ... (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; ... (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way;
 

 [[Image here]]
 

 (Emphasis added). The rules clearly differentiate between parties and other persons. Because the rule requiring a privilege log applies to parties and not to non-parties, Westco did not waive its right to assert the confidentiality of its agreement by failing to list it in the privilege log. In any event, it expressly asserted its right to keep the document confidential.
 

 We also disagree with SLGT’s argument that the petition is untimely because West-co should have filed the petition when the original motion to compel production was filed. However, it is apparent from the motion to compel and the transcript of the hearing that the issue addressed at the motion hearing was the place of the deposition, not the extent of production of documents. In fact, at the end of the first hearing the trial judge indicated that he would deal with the records issue later.
 

 For the foregoing reasons, we grant the petition, quash the order, and direct the trial court to conduct a balancing analysis of the respondent’s need for information against the petitioner’s interest in maintaining its confidentiality. The court should conduct an
 
 in camera
 
 review of the Asset Purchase Agreement as part of its determination.
 

 Petition granted.
 

 STEVENSON and LEVINE, JJ., concur.
 

 [1]
 

 .
 
 See Lewis v. Nical of Palm Beach, Inc.,
 
 16 So.3d 829 (Fla. 4th DCA 2009);
 
 Lewis v. Nical of Palm Beach, Inc.,
 
 24 So.3d 564 (Fla. 4th DCA 2009);
 
 Lewis v. Nical of Palm Beach, Inc.,
 
 10 So.3d 159 (Fla. 4th DCA 2009);
 
 Nical of Palm Beach, Inc. v. Lewis,
 
 981 So.2d 502 (Fla. 4th DCA 2008);
 
 Lewis v. Nical of Palm Beach, Inc.,
 
 959 So.2d 745 (Fla. 4th DCA 2007);
 
 Nical of Palm Beach, Inc. v. Lewis,
 
 816 So.2d 641 (Fla. 4th DCA 2002); and
 
 Nical of Palm Beach, Inc. v. Lewis,
 
 815 So.2d 647 (Fla. 4th DCA 2002),
 
 rev. denied,
 
 828 So.2d 388 (Fla.2002).