GERBER, J.
 

 We affirm the circuit court’s order adjudicating the father in contempt for failure to pay child support, but reverse that portion of the order which allows the father to satisfy the $18,499.75 arrearage by paying only $20.00 per month. The repayment schedule would result in the father potentially not satisfying the arrearage until the child reaches twenty-nine years of age, without any legal basis to support such a delay.
 

 The final judgment of support created a presumption that the father had the ability to pay child support and to purge himself of any subsequent contempt.
 
 See
 
 § 61.14(5)(a), Fla. Stat. (2010) (“If the obli-
 
 *876
 
 gor subsequently fails to pay alimony or support and a contempt hearing is held, the original order of the court creates a presumption that the obligor has the present ability to pay the alimony or support and to purge himself or herself from the contempt.”). The father did not appear at the contempt hearing and, therefore, did not show that he lacked the ability to purge himself of the contempt within a reasonable time.
 
 See id.
 
 (“At the contempt hearing, the obligor shall have the burden of proof to show that he or she lacks the ability to purge himself or herself from the contempt”). Despite the father’s failure to appear, the magistrate recommended that the father could pay only $20.00 per month towards the arrearage. The circuit court accepted the magistrate’s recommendation.
 

 No competent, substantial evidence exists in the record to support the recommendation. This case is indistinguishable from
 
 Lamar v. Lamar,
 
 889 So.2d 983 (Fla. 4th DCA 2004). There, the circuit court allowed the father to pay a purge amount of only $100 per month towards a $20,706.13 child support arrearage. At $100 per month, the purge amount would not have been satisfied until the minor children were thirty-three years old. We reversed. We reasoned that the previously-entered support order created a presumption that the father had the ability to pay child support and to purge himself of the contempt, and nothing in the record indicated that the father no longer had the ability to pay. In support of that reasoning, we held:
 

 [A] plan for purging child support ar-rearages which postpones repayment of support until the object of such support reaches legal age or becomes self-supporting flies in the face of the very reasons for which “child support” exists.
 

 Id.
 
 at 984 (citations and internal quotations omitted).
 

 As we did in
 
 Lamar,
 
 we hold that it was error for the circuit court to permit such an extended and delayed repayment schedule for the father here. The father should be required to make more reasonable arrearage payments concurrent with his regular support payments.
 

 We also hold that it was error for the circuit court not to require the father to pay interest on the arrearage.
 
 See id.
 
 (“The former wife is also entitled to collect prejudgment interest for all arrearages from the initial date that the former husband owed unpaid child support.”).
 

 Affirmed in part, reversed in part, and remanded.
 

 WARNER and DAMOORGIAN, JJ, concur.