DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**D.H.,** the Father,
Appellant,

v.

**T.N.L.,** the Mother and **GUARDIAN AD LITEM PROGRAM,**
Appellees.

No. 4D15-3918

[ May 11, 2016 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Gary L. Sweet, Judge; L.T. Case No. 2012-DP-02.

Lori D. Shelby, Fort Lauderdale, for appellant.

Linda L. Weiksnar of Crary Buchanan, Stuart, for Appellee T.N.L.

No brief filed on behalf of Appellee Guardian Ad Litem Program.

TAYLOR, J.

The father, D.H., timely appeals an order finding him in contempt and denying his motion for relief under Florida Rule of Juvenile Procedure 8.270. We affirm the denial of his motion for relief but reverse the finding of contempt.

This case has its genesis in dependency court, where the child was adjudicated dependent as to the mother but not the father. The trial court initially placed the child with the father, but the mother later achieved substantial compliance with her case plan and sought reunification with the child.

After we reversed an order partially denying the mother's motion for reunification and remanded for a new hearing, *see T.N.L. v. Dep't of Children & Families*, 132 So. 3d 319 (Fla. 4th DCA 2014), the father violated the court-ordered parenting plan. The trial court ordered the father to reimburse the mother for travel expenses she incurred when she went to Kentucky in an unsuccessful attempt to pick up the child from the father for summer timesharing. The court also ordered the father to pay

the mother's attorney's fees and costs incurred in connection with her emergency motion to enforce timesharing.[1] The court later entered an order determining the amount of fees and costs, and specifically found that the father's actions giving rise to the fee award were despicable.[2]

The court ultimately granted the mother's motion for reunification and ordered the parties "to mediate and reach an agreement on child support and a parenting plan."

The mother later moved for contempt, alleging that the father had not timely paid the amounts ordered. In response, the father moved for relief pursuant to Rule 8.270, arguing, in relevant part, that the fee award was void for lack of jurisdiction.

At the hearing on the motions, the court asked the mother's counsel whether it needed to make a finding that the father had the ability to pay. Her counsel responded that "in terms of sanctions, you do not have to find that he has the ability to pay."

The court entered an order denying the father's motion for relief under Rule 8.270 and finding the father in willful contempt, even though the court did not make a finding that the father had the ability to pay. The court stated that the father "has thirty days from the date of this Order to make payments to the Mother," and that if the father does not comply, the court "may then consider such other and further actions against the Father as may be permitted by law." The father appealed.

As a threshold matter, Rule 8.270(b) allows a court to relieve a party from an order or judgment for several reasons, including that "the order or judgment or any part thereof is void." Fla. R. Juv. P. 8.270(b)(4). Here, we conclude that the underlying fee award was not void within the meaning of Rule 8.270(b), even assuming, *arguendo*, that the award was improper—an issue we do not decide.[3] *Cf. S. Seas Marine, Inc. v. Saab*,

[1] Although Judge Sweet generally presided over the case on remand, Judge Bauer was covering Judge Sweet at this hearing and made the initial finding that the mother was entitled to attorney's fees.

[2] Judge Sweet entered the order determining the amount of attorney's fees and finding that the father's conduct was despicable. However, when Judge Bauer made the initial finding that the father would be required to pay the mother's attorney's fees, he declined to refer to the award as a sanction.

[3] There was no statutory basis for an award of fees against the father, so the only conceivable legal basis for the award was the inequitable conduct doctrine. *See*

585 So. 2d 959, 960 (Fla. 4th DCA 1991) (even if the fee award was improper or there was no legal basis for the award, the fee judgment was not void for lack of jurisdiction and thus could not be set aside for that reason under Rule 1.540). Moreover, without further comment, we affirm the denial of relief on all other grounds asserted in appellant's Rule 8.270 motion.

We next turn to the trial court's finding of contempt. "A judgment of contempt comes to the appellate court clothed with a presumption of correctness and will not be overturned unless a clear showing is made that the trial court either abused its discretion or departed so substantially from the essential requirements of law as to have committed fundamental error." *DeMello v. Buckman*, 914 So. 2d 1090, 1093 (Fla. 4th DCA 2005).

"[T]he purpose of a civil contempt proceeding is to obtain compliance on the part of a person subject to an order of the court." *Bowen v. Bowen*, 471 So. 2d 1274, 1277 (Fla. 1985) (emphasis removed). Unlike a criminal contempt sanction, civil contempt is not intended to punish. *Elliott v. Bradshaw*, 59 So. 3d 1182, 1184 (Fla. 4th DCA 2011). "While civil contempt sanctions do not require the same procedural and constitutional protections as criminal contempt, the key safeguard in civil contempt proceedings is a finding by the trial court that the contemnor has the ability to purge the contempt." *Parisi v. Broward Cty.*, 769 So. 2d 359, 365 (Fla. 2000). Thus, "[a] civil contempt sanction is coercive in nature and is avoidable through obedience." *Amendments to Fla. Family Law Procedure*, 723 So. 2d 208, 213 (Fla. 1998).

It is well-established that "in order to find an individual in contempt, the trial court must find that the contemnor had the ability to comply with the previous court order."[4] *Dep't of Children & Families v. R.H.*, 819 So. 2d 858, 862 (Fla. 5th DCA 2002). Florida Rule of Juvenile Procedure 8.286, which governs indirect civil contempt proceedings in dependency cases, codifies this rule and sets out detailed procedures that must be followed before a person can be found in civil contempt.

---

*Bitterman v. Bitterman*, 714 So. 2d 356, 365 (Fla. 1998) ("The inequitable conduct doctrine permits the award of attorney's fees where one party has exhibited egregious conduct or acted in bad faith.").

[4] In some circumstances (which do not apply here), the previous court order will create a presumption that the contemnor had the ability to comply with the order. *See, e.g.*, *Hernandez v. Frontiero*, 73 So. 3d 875, 875 (Fla. 4th DCA 2011) ("The final judgment of support created a presumption that the father had the ability to pay child support and to purge himself of any subsequent contempt.").

Under Rule 8.286(d)(1), an order finding a person in contempt must contain specific findings, including a finding that the alleged contemnor had the present ability to comply with a prior court order and willfully failed to do so:

> An order finding the alleged contemnor to be in contempt *must* contain a finding that a prior order was entered, that the alleged contemnor has failed to comply with the prior court order, that the alleged contemnor had the present ability to comply, and that the alleged contemnor willfully failed to comply with the prior court order. . . .

Fla. R. Juv. P. 8.286(d)(1) (emphasis added).

Here, the trial court erred in finding the father in contempt without finding that he had the present ability to comply with the orders at issue. The court did not make a finding as to whether the father had the present ability to pay the amounts ordered. The contempt order under review thus fails to satisfy the requirements of Rule 8.286(d)(1). While this issue was not preserved, the court departed so substantially from the essential requirements of law as to have committed fundamental error. In our view, the court's failure to scrupulously follow the mandates of a procedural rule enacted to ensure that the due process rights of alleged contemnors are protected meets the standard of fundamental error.

The mother's principal argument in defense of the contempt order—that an ability-to-pay requirement itself violates due process by creating a two-tiered system in which only those with the ability to pay would have to pay a sanction while those without the ability to pay could behave outrageously—is wholly unpersuasive. Civil contempt proceedings may not be used to create debtors' prisons. An ability-to-pay requirement is therefore necessary to prevent civil contempt proceedings from losing their remedial character and becoming punitive. Moreover, those who have the ability to pay are not similarly situated with those who do not. Accordingly, we reject the mother's argument that an ability-to-pay requirement should not apply to contempt proceedings brought to enforce an award of fees imposed as a sanction, as this argument is inconsistent with well-established law on civil contempt.

In sum, we affirm the denial of the father's Rule 8.270 motion, but we hold that the trial court committed fundamental error in finding the father in contempt of prior orders without finding that the father had the present ability to comply with the orders.

*Affirmed in part, Reversed in part, and Remanded.*

CIKLIN, C.J., and KLINGENSMITH, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**