ON MOTION FOR CLARIFICATION
 

 PER CURIAM.
 

 On the petitioner’s motion for clarification, we withdraw the opinion issued in this case on March 10, 2010, and issue the following in its place:
 

 Columbia Hospital (the hospital), a non-party in a motor vehicle negligence case, seeks review of a non-final order denying its motion for protective order as to the discovery of confidential trade secret materials. We grant the petition in part, only to the extent that the trial court ordered production without first allowing the parties an opportunity to negotiate a confidentiality agreement.
 

 The plaintiff alleged she suffered bodily injuries in connection with the accident and incurred medical expenses, including expenses for a procedure
 
 [1]
 
 performed at the hospital, for which it billed over $19,000. Defendants sought discovery from the hospital concerning that particular procedure, including the amount the hospital has charged patients with and without insurance, those with letters of protection, and differences in billing for litigation patients versus non-litigation patients. The hospital moved for a protective order, asserting that the information requested by the subpoena was confidential and amounted to protected trade secrets under Florida law. Defendants, who concede the information is protected as trade secrets, explained below why the information they sought was relevant, inter alia, to the reasonableness of the hospital’s bills. At the hearing on the motion, defense counsel cited authority that the discovery of a hospital’s charges, and discounts to different classes of patients, and its internal cost structure was relevant information; what a health care provider accepts as payment from private non-litigation payors is relevant for a jury to determine what amount is a reasonable charge for the procedure.
 

 The trial court decided to deny the motion for protective order, finding that the information sought was reasonably calculated to lead to the discovery of admissible evidence. The judge balanced the hospital’s interest in nondisclosure of its confidential information against Defendants’ need for the information, and decided it was more important to produce the information. The hospital asked whether the information could be produced subject to a confidentiality order, but the judge said “right now just produce it,” indicating that the matter of a confidentiality order would be another hearing on another day. It issued a written order denying the hospital’s motion.
 

 The hospital seeks certiorari relief, including requiring the trial court to narrow
 
 *150
 
 ly tailor any order requiring disclosure in such a way as to protect its trade secret interests. To that extent, we agree with the hospital.
 

 Given that the trial court did treat the information as entitled to protection as trade secrets,
 
 [2]
 
 we disagree with the hospital that an in camera hearing was necessary to determine whether it was.
 

 The hospital also contends that the trial court departed from the essential requirements of the law in ordering production without balancing the interests.
 
 Salick Health Care, Inc. v. Spunberg,
 
 722 So.2d 944, 946 (Fla. 4th DCA 1998) (“When trade secret privilege is asserted as the basis for resisting production, the trial court must determine whether the requested production constitutes a trade secret; if so, the court must require the party seeking production to show reasonable necessity for the requested materials .... If production is then ordered, the court must set forth its findings.”) (quoting
 
 Rare Coin-it, Inc. v. I.J.E., Inc.,
 
 625 So.2d 1277, 1278-79 (Fla. 3d DCA 1993)) (emphasis added).
 

 We conclude that Defendants sufficiently explained below why they needed the information: in order to dispute, as unreasonable, the amount of medical expenses that the plaintiff will seek to recover from them, if the hospital charges non-litigation patients a lower fee for the same medical services. A claimant for damages for bodily injuries has the burden of proving the reasonableness of his or her medical expenses.
 
 E.W. Karate Ass’n v. Riquelme,
 
 638 So.2d 604 (Fla. 4th DCA 1994);
 
 Irwin v. Blake,
 
 589 So.2d 973, 974 (Fla. 4th DCA 1991) (citing
 
 Garrett v. Morris Kirschman & Co.,
 
 336 So.2d 566, 571 (Fla.1976));
 
 A.J. v. State,
 
 677 So.2d 935, 937 (Fla. 4th DCA 1996) (“The patient’s obligation is not to pay whatever the provider demands, but only a reasonable amount.”).
 
 [3]
 
 The trial court’s findings, while brief, sufficed for this purpose.
 

 However, the trial court also must take such protective measures as are required. § 90.506, Fla. Stat. (‘When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require.”); Fla. R. Civ. P. 1.280(c)(7). When counsel for the hospital asked about a confidentiality order, the trial court stated:
 

 You can ask, but right now just produce it and that’s another hearing on
 
 *151
 
 another day, okay, and I’ll give you 15 days to produce it.
 

 (Emphasis added.)
 

 The trial court simply denied the hospital’s motion for protective order without taking protective measures. Defendants do not dispute that the hospital was entitled to an accommodation to protect its trade secrets, such as a confidentiality order.
 

 We conclude that the hospital is entitled to relief only insofar as the trial court should have stayed the discovery until the parties had an opportunity to negotiate a confidentiality agreement. In the event the parties are unable to agree, the trial court shall narrowly tailor any order requiring disclosure in such a way as to protect the hospital’s trade secret interests.
 

 Granted in part.
 

 POLEN, STEVENSON and LEVINE, JJ., concur.
 

 [1]
 

 . Percutaneous disc decompression.
 

 [2]
 

 . Trade secrets are privileged from disclosure by section 90.506, Florida Statutes, which provides as follows:
 

 A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person if the allowance of the privilege will not conceal fraud or otherwise work injustice. When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require. The privilege may be claimed by the person or the person’s agent or employee.
 

 Here, no one disputes that hospital's reimbursement data are confidential and exempt from public records laws,
 
 see
 
 § 408.061(l)(d), Fla. Stat. (2009), or that the terms of its managed care contracts and reimbursement information are confidential, § 395.3035(2), Fla. Stat. (2009).
 

 [3]
 

 . As Defendants assert, a hospital’s cost to provide a service no longer bears much relationship to what it charges, but reimbursement rates from third party payors give hospitals an incentive to set their usual charges at an artificially high amount, from which discounts are negotiated; cost-shifting results in discriminalorily high charges to uninsured patients, in that every patient is billed at full charges, but only the uninsured are expected to pay those amounts; as a result, actual charges are not instructive on what is reasonable; instead, Defendants argue, a realistic amount is what hospitals are willing to accept.