NORTHCUTT, Judge.
Summitbridge National Investments, LLC, seeks a writ of certiorari to quash a circuit court order compelling disclosure of *449 information that Summitbridge characterizes as a trade secret. We conclude that the circuit court departed from the essential requirements of law by ordering the disclosure without first undertaking an in camera review. Accordingly, we grant the petition.
In 2004, 1221 Palm Harbor, L.L.C., obtained a loan from Colonial Bank, N.A., for the purchase and development of commercial real estate. Haynes T. Hendry, Ronald A. Oxtal, Frank R. Hayden, and Mary Ellen Hayden are individual guarantors of the loan. Four years later, Sum-mitbridge acquired the mortgage, note, and guaranty from Colonial Bank. It then filed a foreclosure suit against 1221 Palm Harbor and the guarantors (collectively, “the borrowers”), who consented to a foreclosure judgment but reserved their defenses to Summitbridge’s claim for a deficiency judgment. A final judgment of foreclosure was entered for over $3,320,202, representing the principal amount due on the loan. When Summit-bridge proceeded on its deficiency claim, the borrowers raised a number of affirmative defenses based on allegations that Colonial Bank’s actions or inactions hindered their ability to pay the debt.
The instant dispute concerns the purchase agreement between Summitbridge and Colonial Bank. Summitbridge resisted production of the document, contending first that it was proprietary and irrelevant and, ultimately, that information regarding the price it paid to acquire the mortgage, note, and guaranty was a trade secret. The court initially ruled that Summit-bridge must produce the document, but with the acquisition price redacted, and it further directed that the document was restricted “to counsel’s eyes only.”
The borrowers thereafter deposed Sum-mitbridge’s director in charge of acquisitions. He testified that, as a general business practice, Summitbridge mitigated its risk by reducing the price it paid for loans with potential legal problems. After this deposition, the borrowers moved to compel disclosure of the “acquisition pricing” that had been redacted from the purchase agreement. After a hearing, the court ordered Summitbridge to produce unre-dacted copies of the purchase documents. It denied Summitbridge’s request for the court to first conduct an in camera review. It did not limit production “to counsel’s eyes only,” as it had previously done. Summitbridge challenges the forced disclosure of this information.
When a party asserts the need for protection against disclosure of a trade secret, the court must first determine whether, in fact, the disputed information is a trade secret. Ameritrust Ins. Corp. v. O’Donnell Landscapes, Inc., 899 So.2d 1205, 1207 (Fla. 2d DCA 2005). This determination usually requires the court to conduct an in camera review. Id. Here, the circuit court did not conduct an in camera review, perhaps in frustration over Summitbridge’s recalcitrance in complying with its discovery obligations. In the absence of such a review, we are in the dark about the specific nature of the information at issue. The most we have been able to glean, from a hearing transcript, is a rather vague description of the information that was redacted when the purchase agreement was first ordered produced: “six lines of numbers and two spare numbers in other places.” Without more specificity, it cannot be determined whether Summitbridge has asserted a valid claim of privilege.
The Florida Evidence Code provides a privilege against the disclosure of trade secrets, but it does not contain a definition of the term. § 90.506, Fla. Stat. (2010). Trade secrets are, however, defined in the Uniform Trade Secrets Act as
*450 information, including a formula, pattern, compilation, program, device, method, technique, or process that:
(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
§ 688.002(4), Fla. Stat. (2010). Not all business information falls within the privilege afforded to a trade secret.
[Trade secret] differs from other secret information in a business ... in that it is not simply information as to single or ephemeral events in the conduct of the business, as, for example, the amount or other terms of a secret bid for a contract or the salary of certain employees, or the security investments made or contemplated, or the date fixed for the announcement of a new policy or for bringing out a new model or the like. A trade secret is a process or device for continuous use in the operation of the business. Generally it relates to the production of goods, as, for example, a machine or formula for the production of an article. It may, however, relate to the sale of goods or to other operations in the business, such as a code for determining discounts, rebates or other concessions in a price list or catalogue, or a list of specialized customers, or a method of bookkeeping or other office management.
Restatement (First) of Torts § 757 cmt. b (1939); see also Bestechnologies, Inc. v. Trident Envtl. Sys., Inc., 681 So.2d 1175, 1176 (Fla. 2d DCA 1996) (referring to Restatement (First) of Torts § 757 cmt. b in applying statutory definition of trade secret).
In a case from the Fourth District, Columbia Hospital (Palm Beaches) Limited Partnership. v. Hasson, 33 So.3d 148 (Fla. 4th DCA 2010), the defendants in a negligence suit sought information from the hospital where the plaintiff was treated. The defendants sought to discover “the amount the hospital has charged patients with and without insurance, those with letters of protection, and differences in billing for litigation patients versus non-litigation patients.” Id. at 149. The parties and the trial court agreed that the information was a protected trade secret; at issue was whether the defendants showed a reasonable necessity for the information and whether confidentiality provisions were warranted.
Columbia Hospital involved a rate structure that fell within the restatement’s definition (information relating “to the sale of goods or to other operations in the business, such as a code for determining discounts, rebates or other concessions in a price list or catalogue”). The same information was also declared by statute to be confidential and exempt from public records laws. Id. at 150 n. 2. By contrast, the information in this case might be merely the price for a single transaction and not information otherwise protected by statute. We would not consider the price alone to fall within the definition of a trade secret. On the other hand, the redacted “six lines of numbers and two spare numbers in other places” might actually be a formula resulting in a price. The order and appendices do not reveal the answer because the court below did not conduct an in camera review.
We conclude that the circuit court departed from the essential requirements of law by ordering disclosure of the information without conducting an in camera re *451 view to determine whether the information is a trade secret and, if so, whether the borrowers have shown a reasonable necessity for the information and whether safeguards are required to prevent its unnecessary dissemination. The jurisdictional threshold for certiorari review is satisfied because “the disclosure of trade secrets creates the potential for irreparable harm.” Ameritrust Ins. Corp., 899 So.2d at 1207.
Accordingly, we grant the petition and quash the circuit court’s order granting the motion to compel.
VILLANTI and CRENSHAW, JJ., Concur.