LaROSE, Judge.
 

 Laser Spine Institute (LSI) petitions for certiorari review of a nonfinal order granting a motion to compel production of documents relating to its billing and collection practices. LSI claims, and there seems to be no credible counterargument, that these documents are trade secrets. We have jurisdiction.
 
 See
 
 Fla. R.App. P. 9.030(b)(2)(A). The order is renewable by certiorari because disclosure of the material would cause irreparable harm that cannot be cured on plenary appeal.
 
 See Allstate Ins. Co. v. Langston,
 
 655 So.2d 91, 94 (Fla.1995) (holding certiorari review appropriate when a discovery order relates to materials protected by privilege, work product, or trade secret). The trial court properly concluded that the documents are subject to production.
 

 But when the trial court directs disclosure of trade secrets, it must take appropriate measures to protect the interests of the trade secret holder, the interests of the parties, and the furtherance of justice. § 90.506, Fla. Stat. (2010). We conclude that a protective order or other confidentiality agreement should be in place before release of the documents.
 
 See Columbia Hosp. (Palm Beaches) Ltd. P’ship v. Hasson,
 
 33 So.3d 148, 151 (Fla. 4th DCA 2010). Before the trial court, respondents did not dispute that LSI was entitled to such protection. Indeed, a confidentiality agreement was discussed at the hearing on the motion to compel, and the respondents proposed one to LSI.
 

 LSI is entitled to relief to the limited extent that the trial court should have stayed LSI’s production until the parties had an opportunity to negotiate a proper protective order or confidentiality agreement. Accordingly, we grant the petition in part and remand for entry of a protective order or confidentiality agreement. In the event the parties are unable to reach an agreement, the trial court shall enter a narrowly tailored order protecting LSI’s trade secrets.
 
 Id.
 

 Granted in part and remanded.
 

 DAVIS and CRENSHAW, JJ., Concur.