MORRIS, Judge.
Gulfcoast Surgery Center, Inc., seeks a petition for writ of certiorari directed at the trial court’s order compelling it to produce financial documents. We grant the petition.
I. Facts.
Kelley Penney was involved in an automobile accident with Earnest Fisher. Thereafter, she was treated by Dr. Scott Katzman[1] and had procedures performed at Gulfcoast. Penney filed suit against Fisher for injuries she sustained in the accident. Fisher then submitted a notice of subpoena duces tecum seeking production of various financial documents from Gulfcoast which related to Penney’s care such as:
• admission information
• letters of protection
• statements and billing records
• payments by Gulfcoast to anyone involved in Penney’s care and for any equipment used in Penney’s care
• correspondence from physicians, factoring companies, equipment providers, and service providers relative to the scheduling and/or procedure performed on Penney, as well as correspondence from medical funding companies in relation to Penney’s care
• contracts between Gulfcoast and any medical funding companies, providers of anesthesia, and Neuro IOM Services
• documents regarding a sale of Penney’s account receivable to medical funding companies
• the definition of CPT codes for services provided to Penney
• documents reflecting compensation to anyone involved in Penney’s care
• credentials of Dr. Katzman to perform surgery at Gulfcoast as well as the credentials of Dr. Monica Pruitt to assist in the surgery
*495 • preference cards of Dr. Katzman relating to equipment and supplies used in Penney’s care
• and documents “as to the basis upon which Gulfcoast ... calculated its statement for services to Kelly Penney.”
Gulfcoast objected to the request and filed a motion for protective order. However, the trial court ultimately ordered Gulfcoast to comply with the discovery request.
II. Analysis
Where a discovery order departs from the essential requirements of law causing material injury which cannot be remedied on appeal, certiorari review is appropriate. Harley Shipbuilding Corp. v. Fast Cats Ferry Serv., 820 So.2d 445, 448 (Fla. 2d DCA 2002) (citing Allstate Ins. v. Langston, 655 So.2d 91, 94 (Fla.1995)).
Gulfcoast contends that the trial court departed from the essential requirements of the law because the requested documents are not relevant and because it failed to balance Fisher’s need for the documents with Gulfcoast’s privacy interests. Gulfcoast also argues that an in camera review was required because the documents contain trade secrets.
Turning first to Gulfcoast’s relevancy argument, we note that this court has found that a hospital’s internal cost structure information was relevant and critical to establishing a defendant’s claim of unreasonableness of charges. See Giacalone v. Helen Ellis Mem’l Hosp. Found., 8 So.3d 1232, 1235 (Fla. 2d DCA 2009). Thus, we reject Gulfcoast’s argument that the same principle should not be applied to this situation merely because Gulfcoast is a surgical center and because Fisher is a third party who is disputing the reasonableness of the charges. Indeed, Gulfcoast conceded below that information which bore on that topic was discoverable. Consequently, any of the requested documents which relate to Gulfcoast’s internal cost structure are relevant. We do not express any opinion on whether all of the requested documents meet that definition however. That is an issue for the trial court to resolve when it reconsiders Gulfcoast’s objections.
We next address the issue of the trial court’s failure to perform a balancing test or conduct an in camera review. “When a party asserts the need for protection against disclosure of a trade secret, the court must first determine whether, in fact, the disputed information is a trade secret [which] usually requires the court to conduct an in camera review.” Summitbridge Nat’l Invs. v. 1221 Palm Harbor, L.L.C., 67 So.3d 448, 449 (Fla. 2d DCA 2011) (citing Ameritrust Ins. v. O’Donnell Landscapes, 899 So.2d 1205, 1207 (Fla. 2d DCA 2005)); see also Westco, Inc. v. Scott Lewis’ Gardening & Trimming, 26 So.3d 620, 622 (Fla. 4th DCA 2009) (holding that where a party claims a document is privileged and the trial court fails to conduct an in camera review or balancing test, the trial court has departed from the essential requirements of the law). This court has previously held that internal cost structure information constitutes a trade secret. See Laser Spine Inst. v. Makanast, 69 So.3d 1045, 1046 (Fla. 2d DCA 2011) (referring to documents pertaining to billing and collection practices); Summitbridge Nat’l Invs., 67 So.3d at 450 (referring to information pertaining to how different types of patients are charged). However, in his response to Gulfcoast’s petition, Fisher has indicated his willingness to stipulate that the requested documents *496 constitute trade secrets.[2] Thus the more pertinent issue is the trial court’s failure to require any sort of protective measures in relation to the documents.
In Laser Spine Institute, LLC, this court held that where a trial court directs disclosure of trade secrets, “it must take appropriate measures to protect the interests of the trade secret holder, the interests of the parties, and the furtherance of justice.” 69 So.3d at 1046 (citing § 90.506, Fla. Stat. (2010)); see also Summitbridge Nat’l Invs., 67 So.3d at 450-51 (concluding that trial court departed from essential requirements of law by ordering disclosure of information without conducting in camera review to determine if information was, in fact, a trade secret and, if so, whether the party requesting it had shown a reasonable necessity for it and whether safeguards were required to prevent its dissemination); Columbia Hosp. (Palm Beaches) v. Hasson, 33 So.3d 148, 151 (Fla. 4th DCA 2010) (concluding hospital was entitled to relief only insofar as the trial court should have stayed the discovery until the parties had the opportunity to negotiate a confidentiality agreement).
But here, the trial court did not perform any sort of balancing test or conduct an in camera review to determine if the requested documents constituted trade secrets. Thereafter, it failed to require any sort of protective measures to prevent dissemination of the information. Accordingly, we hold that the trial court departed from the essential requirements of law resulting in material injury which cannot be remedied on appeal. Because Fisher has indicated he would stipulate that the requested documents constitute trade secrets, when the trial court considers Gulfeoast’s objections anew, the trial court need only address Gulfeoast’s relevancy objection and then proceed to the issue of protective measures.
Petition granted; order quashed.
VILLANTI and WALLACE, JJ., Concur.

. Dr. Katzman was also ordered to comply with various discovery requests, and he has filed a separate appeal, case number 2D 12-3316.

. We have some doubt that dll of the requested documents constitute trade secrets since they include contracts, salary information, and cost information as it pertains to- Penney’s procedure only. See Summitbridge Nat’l Invs., 67 So.3d at 450 (citing Restatement (First) of Torts § 757 cmt. b (1939) for the proposition that "the amount or other terms of a secret bid for a contract or the salary of certain employees” would not necessarily constitute a trade secret; also distinguishing between a hospital’s internal rate structure information generally and the price for a single transaction). But due to Fisher’s willingness to stipulate that the documents constitute a trade secret, these categorical distinctions may be of no consequence.