PER CURIAM.
Rocket Group, LLC (Defendant), the defendant in business litigation pending in the circuit court, seeks certiorari review of a nonfinal order granting the plaintiffs motion to compel better responses to a first request for production, which provided that “[n]o documents shall be required to be filed under seal.” We grant the petition.
Ariel Jatib (Plaintiff) sued Defendant, the company he and another individual founded, after the two had disputes which allegedly led to a deadlock in management. His amended complaint asserted counts for (1) breach of the company’s operating agreement and (2) dissolution of the company based on deadlock.
Plaintiff requested the production of numerous documents, including the company’s corporate income tax returns, financial statements, and internal documents concerning corporate governance. With respect to each request, Defendant responded that confidential business information was being sought, and objected to producing any of the requested documents until the court entered a mutually acceptable confidentiality order. It was willing to produce all the documents requested, conditioned upon such protections.
Plaintiff moved to compel better responses, representing that he had agreed to sign a stipulation of confidentiality allowing him to use the documents only for purposes of this litigation; however, Defendant would not agree and insisted on a court order.
At the hearing on Plaintiff’s motion, Plaintiff agreed that it had requested confidential documents. However, the parties disagreed on the necessity of filing documents with the court under seal. The trial court referenced the burdensomeness of the applicable rule and ruled that it would not allow the filing of anything under seal. Plaintiff took the position that the trial court could satisfy Defendant’s confidentiality interest if the trial court merely ordered that the information used for trial not be disseminated to third parties (other than experts and individuals in the case). Defendant countered by explaining that if a confidential document were attached to a court filing, such as a pleading, it would be available to the public, thereby necessitating a confidentiality order providing for filing documents under seal. Nevertheless, the court made it clear it was “not sealing anything.”
The trial court granted Plaintiffs motion in a written order, providing as follows:
The Defendant shall produce responsive documents within 20 days of this order. No documents shall be disclosed to anyone other than counsel, parties, witnesses, and experts and may be used for trial. No documents shall be required to be filed under seal.
(Emphasis added). This order is the subject of the instant petition.
We agree with Defendant that compelling the production of documents that the parties agreed were confidential, without *400 including a provision to protect them from exposure in the public record, merits cer-tiorari relief. See Columbia, Hosp. (Palm Beaches) Ltd. P’ship v. Hasson, 33 So.3d 148, 151 (Fla. 4th DCA 2010) (granting in part petition challenging order requiring non-party hospital to produce confidential information, to the extent trial court did not take protective measures; discovery should have been stayed until parties had opportunity to negotiate confidentiality agreement); Laser Spine Inst., LLC v. Makanast, 69 So.3d 1045, 1046 (Fla. 2d DCA 2011) (granting certiorari relief in part; while trial court’s determination that trade secret documents had to be disclosed was proper, it should have stayed production until parties had opportunity to negotiate protective order or confidentiality agreement); Fla. R. Civ. P. 1.280(c)(7) (allowing courts to protect a party from whom discovery is sought by ordering “that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way”).
Ordinarily, it is not necessary to file with the court that which a party obtains in response to a request for production. Fla. R. Civ. P. 1.350(d); Fla. R. Civ. P. 1.280(g). However, because the claims in this case involve the defendant company’s ownership, internal corporate governance, and value, Defendant maintains that its confidential documents will be key items of evidence and will be incorporated into court filings. By precluding the parties from filing documents under seal, the trial court’s order threatens Defendant’s interest in the confidentiality of its documents.
Except as provided in Florida Rule of Judicial Administration 2.420, concerning “Public Access to Judicial Branch Records,” “[t]he public shall have access to all records of the judicial branch of government.” Fla. R. Jud. Admin. 2.420(a). “Confidential” information, which is exempt from public access, includes “information that is confidential ... under a court order entered pursuant to this rule.” Fla. R. Jud. Admin. 2.420(b)(4). Subdivision (c) of the rule lists records that are required to be kept confidential. Confidential business documents are not specifically included, but any court record may be determined to be confidential if doing so is necessary to “avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of proceeding sought to be closed[,]” Fla. R. Jud. Admin. 2.420(c)(9)(A)(vi), or to “comply with established public policy set forth in the Florida or United States Constitution or statutes or Florida rules or case law[J” Fla. R. Jud. Admin. 2.420(c)(9)(A)(vii).
A person filing confidential information with the court may file with it a “Notice of Confidential Information within Court Filing,” or another party or affected nonparty may file such a notice when the confidential information fits within the limited parameters described in subdivision (d)(1)(B) of the rule, Fla. R. Jud. Admin. 2.420(d)(2), which are not relevant here. Otherwise, a “Motion to Determine Confidentiality of Court Records” may be filed. Fla. R. Jud. Admin. 2.420(d)(3). The procedmre for determining such confidentiality is described in subdivision 2.420(e).
That subdivision requires a hearing, unless all parties agree; however, even if the parties agree, the court may still hold a hearing at its discretion. Fla. R. Jud. Admin. 2.420(e)(2). Even if all parties were to agree to the sealing of documents, the trial court still must make the determination; because of the presumption of openness in court proceedings, denial of access “ ‘may not be based solely upon the wishes of the parties to the litigation.’” BDO Seidman, LLP v. Banco Espirito Santo Intern., Ltd., — So.3d -, 34 Fla. *401 L. Weekly D739, 2009 WL 928484, *1 & *2 n. * (Fla. 3d DCA Apr.8, 2009) (quoting Friend v. Friend, 866 So.2d 116, 117 (Fla. 3d DCA 2004)); Barron v. Fla. Freedom Newspapers, Inc., 531 So.2d 113, 118-19 (Fla.1988). And even if a court allows confidential documents to be filed under seal, such an order merely establishes a way to file them pending the trial court’s determination that they are entitled to be exempt from public disclosure. See Carter v. Conde Nast Publ’ns, 983 So.2d 23, 26-27 (Fla. 5th DCA 2008).
We hold the trial court departed from the essential requirements of law in compelling Defendant to produce all the requested documents without first entering a confidentiality order that would provide a means for the parties to handle those confidential documents that they may attach to court filings, and in declining to allow any such documents to be filed under seal, pending the prompt filing of a rule 2.420 motion to determine the confidentiality of records.

We therefore grant the petition for writ of certiorari, and quash the trial court’s order.

MAY, C.J., GROSS and STEVENSON, JJ., concur.