EVANDER, J.
Petitioners seek certiorari review of the trial court’s denial of their motion for protective order from a subpoena duces tecum without deposition. We conclude that the trial court did not depart from the essential requirements of law in requiring Petitioners to produce the documents at issue.[1] See Katzman v. Rediron Fabrication, Inc., 76 So.3d 1060 (Fla. 4th DCA 2011); Columbia Hosp. (Palm Beaches) Ltd. P’ship v. Hasson, 83 So.3d 148 (Fla. 4th DCA 2010).
However, to the extent the trial court failed to take appropriate measures to protect Petitioners from the dissemination of the documents (and/or confidential information contained therein), Petitioners are entitled to certiorari relief. A protective order or confidentiality agreement should be in place prior to release of the documents. Laser Spine Inst., LLC v. Makanast, 69 So.3d 1045 (Fla. 2d DCA 2011).
PETITION GRANTED, in part; DENIED, in part; and REMANDED.
LAWSON and COHEN, JJ., concur.

. We interpret the trial court’s order to limit Petitioners’ obligation to produce those documents requested in paragraphs five and six of the subpoena to the three-year period immediately preceding the date of the filing of the subpoena.