DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAKE WORTH SURGICAL CENTER, INC.,**
Petitioner,

v.

**CRERESER GATES, JOSHUA RULEMAN**
and **ARNOLD RULEMAN,**
Respondents.

No. 4D18-2774

[February 27, 2019]

Petition for writ of certiorari to the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Paul B. Kanarek, Judge; L.T. Case No. 31-2017-CA-000016.

Matthew D. Grosack, Frances G. De La Guardia and Benjamin J. Tyler of Holland & Knight LLP, Miami, for petitioner.

Carri S. Leininger of Williams, Leininger & Cosby, P.A., North Palm Beach, for respondents Joshua Ruleman and Arnold Ruleman.

CONNER, J.

Lake Worth Surgical Center, Inc. ("Petitioner"), a non-party provider, petitions for certiorari review of an order allowing discovery of alleged proprietary and trade secret information without a confidentiality order. Petitioner does not challenge the required production, but argues the trial court departed from the essential requirements of law by denying the request for a confidentiality order. Because the trial court ordered the disclosure of trade secret information related to Petitioner's internal cost structure for billing and did not impose any confidentiality protections, we grant the petition as to some information and deny the petition as to other information.

*Background*

In the underlying negligence case, the plaintiff ("Plaintiff") is suing Joshua and David Arnold Ruleman ("Respondents") for damages resulting from a car accident. Plaintiff was treated at the surgical center operated

by Petitioner and was billed for its services. In contention are two charges: one for an arthroscopic knee surgery and one for the supplies used during that surgery.

Respondents served Petitioner with a non-party subpoena requesting the following billing information: (1) two examples of reimbursement rates Petitioner has received from insurance carriers for each service provided to Plaintiff without naming the carriers; (2) the approximate percentage for the last three years of Petitioner's practice that treated patients involved in personal injury litigation or a pre-suit claim; and (3) the amounts collected for services unrelated to the underlying litigation that Petitioner previously provided to Plaintiff on two different dates. Respondents believe that Petitioner accepts far less on the charges for the majority of their patients than what it had charged Plaintiff for the surgery at issue in the underlying litigation.

Petitioner moved for a protective order to prohibit disclosure of confidential financial information. Petitioner primarily objected to the request for examples of reimbursement rates from unnamed insurers arguing that insurance reimbursement rates and the makeup of the center's patients are trade secret. At the hearing on the motion, Petitioner contended that: (1) Respondents' counsel intend to share the information with other clients; (2) Respondents' counsel represents the interests of an insurance company and disclosing what other insurers pay would disadvantage Petitioner the next time it negotiates contracts with insurers; and (3) what other insurance companies pay is confidential and proprietary.

Because Respondents' subpoena only requested that Petitioner provide a corporate representative with knowledge of these issues, and the trial court was not asked to rule on specific questions, the trial court denied the motion for protective order.

During the deposition of the corporate representative, Petitioner objected to a number of questions on the grounds that the requested information was a confidential trade secret and instructed the representative to not answer.

A hearing was held on Petitioner's objections to the deposition questions. Petitioner requested that the trial court enter "basic confidentiality protections" for any of the questions it required Petitioner's representative to answer, restricting use of the information to the underlying litigation and prohibiting disclosure to third parties. Of the six questions Petitioner objected to, the trial court overruled four objections.

In so doing, the trial court required Petitioner to answer: (1) what amount it was paid for services provided to Plaintiff for surgery for an unrelated slip and fall accident; (2) what amount it was paid for services provided to Plaintiff for another surgery related to the slip and fall; (3) for the last three years, what was the approximate percentage of Petitioner's practice that treated patients involved in a pre-suit claim or personal litigation; and (4) two examples of contracted reimbursement rates with unnamed insurance carriers for the surgery Plaintiff received for the injury being litigated.

Petitioner asked the trial court to consider a confidentiality order citing *Columbia Hospital (Palm Beaches) Ltd. Partnership v. Hasson*, 33 So. 3d 148 (Fla. 4th DCA 2010), where we found the trial court erred by not providing confidentiality protection for similar information. The trial court denied the request and entered a written order overruling Petitioner's objections to the four deposition questions described above.

*Appellate Analysis*

"Certiorari review is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings and effectively leaving no adequate remedy on appeal." *Westco, Inc. v. Scott Lewis' Gardening & Trimming, Inc.*, 26 So. 3d 620, 622 (Fla. 4th DCA 2009) (citation omitted). "Orders improperly requiring the disclosure of trade secrets or other proprietary information often create irreparable harm and are thus appropriate for certiorari review." *Id.*

When a party seeks protection against disclosure of a trade secret or proprietary information, the court must first determine whether the disputed information is in fact trade secret or proprietary. *Summitbridge Nat'l Invs. LLC v. 1221 Palm Harbor, L.L.C.*, 67 So. 3d 448, 449 (Fla. 2d DCA 2011) (citation omitted); *see also Westco*, 26 So. 3d at 622 (holding that where a party claims a document is privileged and the trial court fails to conduct an in camera review or balancing test, the trial court has departed from the essential requirements of the law).

The Florida Legislature has adopted the Uniform Trade Secrets Act and has defined a trade secret as follows:

> "Trade secret" means information, including a *formula, pattern, compilation, program*, device, *method, technique*, or *process* that:
>
> (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily

3

ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

§ 688.002(4), Fla. Stat. (2018) (emphases added).

In the instant case, Respondents are seeking information from Petitioner about the amounts paid for services rendered to Plaintiff on two different dates, the approximate percentage of Petitioner's practice of treating patients who are involved in a pre-suit claim or personal injury litigation over a three-year period, and two examples of contracted reimbursement rates by private health insurance carriers, who have no interest in this case, for the surgery Plaintiff received.

The trial court did not make any specific rulings as to whether any of the information sought was trade secret or proprietary information. However, the Second District has already held that internal cost structure information constitutes a trade secret. *Gulfcoast Surgery Ctr., Inc. v. Fisher*, 107 So. 3d 493, 495 (Fla. 2d DCA 2013); *Summitbridge*, 67 So. 3d at 450 (noting that a formula resulting in a price amount may be a trade secret). Similarly, as we observed in *Hasson*, the parties conceded that the amounts the hospital charged patients with and without insurance, those with letters of protection, and differences in billing for litigation patients versus non-litigation patients, constituted trade secret information. 33 So. 3d at 149. In the instant case, there was no such concession by Respondents, but we agree with the Second District that internal cost structure information, including methodologies or formulas used to compute pricing and insurance reimbursement rates, constitutes trade secret information that should be protected from disclosure to third parties if obtained through discovery processes. *See Fisher*, 107 So. 3d at 495. However, we also agree with the Second District's distinction made in *Summitbridge* that not all business information falls within this privilege; namely, the price for a single transaction, such as the amount received for a previous service to a litigant, is not information subject to protection as a trade secret. 67 So. 3d at 450.

Applying the statutory definition of trade secret and the case law, we conclude the trial court properly declined to impose confidentiality restrictions on information regarding the amounts paid for services rendered to Plaintiff on two different dates and the approximate percentage of Petitioner's practice of treating patients who are involved in a pre-suit claim or personal injury litigation over a three-year period. We note that

Petitioner did not present any evidence to support a finding that the percentage of practice information was trade secret. Like the trial court, we are not persuaded by the argument made to the trial court as to that information. However, we conclude the trial court erred in failing to grant Petitioner's request for confidentiality protection for information regarding the two examples of contracted reimbursement rates by private health insurance carriers for the surgery received by Plaintiff. We quash the portion of the order below denying confidentiality protection for that trade secret or proprietary information. Similar to the disposition in *Hasson*, we remand the case for the trial court to stay the discovery until the parties have an opportunity to negotiate a confidentiality agreement as to that information. In the event the parties are unable to agree, the trial court shall narrowly tailor any order requiring disclosure in such a way as to protect Petitioner's trade secret interests.

*Petition granted in part and denied in part with instructions.*

WARNER and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***