DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL A. BARFIELD,**
Petitioner,

v.

**JOHN DOE, JANE DOE,** and
**SHEVER LLC PASADENA GARDENS, INC.,**
Respondents.

No. 4D22-1177

[September 21, 2022]

Petition for writ of certiorari to the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Frank Castor, Judge; L.T. Case No. 502021CC009027XXXXMB.

Michael Barfield, Sarasota, pro se.

Amy Pettway and Joseph Grant of The Legal Aid Society of Palm Beach County, West Palm Beach, for respondents John Doe and Jane Doe.

No appearance for respondent Shever LLC Pasadena Gardens, Inc.

KUNTZ, J.

Michael Barfield, a non-party to a county court eviction action, petitions for a writ of certiorari to quash the county court's amended order determining confidentiality of court records. In the amended order, the court found the names of the parties to a dismissed eviction action confidential.[1] We grant the petition and quash the amended order.

*Background*

The litigants in the eviction proceeding sought to shield an entire court file from public disclosure. They argued a landlord filed an eviction action after agreeing not to do so and that the landlord received the rental payments before the action was filed. So the litigants argued that public

---

[1] Originally, the court ordered "that the case be/remain removed from the online docket and directs the Clerk to remove the case from public view."

disclosure of the eviction action was potentially defamatory and would affect the tenants' creditworthiness. Citing Florida Rule of General Practice and Judicial Administration Rule 2.420(c)(9)(A)(vi) (2022), the county court accepted these reasons as a basis to seal portions of the court file.

*Analysis*

There is a presumption that court files are open to the public and "[e]very person has the right to inspect or copy any public record made or received in connection with the official business of any public body . . . except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution." Art. I, § 24, Fla. Const. The judicial branch is "specifically include[d]" in this provision, *id.*, and Fla. R. Gen. Prac. & Jud. Admin. Rule 2.420(a) provides that "[t]he public shall have access to all records of the judicial branch of government, except" as provided in Rule 2.420.

Of course, the rule has exceptions, and Rule 2.420(c) provides for limited situations when judicial records may be shielded from the public. *See id.* at 2.420(c)(1)-(10). Relevant here is Rule 2.420(c)(9)(A)(vi).

Rule 2.420(c)(9)(A)(vi) allows a court to shield a proceeding or record from the public when confidentiality is required to "avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of proceeding sought to be closed." *Id.*

But "litigants cannot have a reasonable expectation of privacy with regard to matters that are inherent to their civil proceedings." *Carnegie v. Tedder*, 698 So. 2d 1310, 1312 (Fla. 2d DCA 1997). Nor can the agreement of all litigants justify shielding a judicial record from public view. *Rocket Grp., LLC v. Jatib*, 114 So. 3d 398, 400 (Fla. 4th DCA 2013) (citations omitted).

In this case, the names of litigants are matters inherent to the civil proceeding. The understandable desire of those litigants to shield their names from public disclosure cannot justify doing so. As a result, and absent some other valid basis to shield the information from disclosure, the names cannot be hidden from public view.

2

*Conclusion*

We grant the petition and quash the county court's amended order determining confidentiality of court records.

*Petition granted; order quashed.*

WARNER and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**